[No. E005987. Fourth Dist., Div. Two. Nov. 17, 1989.]

JONI HILLIARD, Plaintiff and Appellant, v.
GEORGE LOBLEY, Defendant and Respondent.

## COUNSEL

Levin & Raynes and Jeffrey S. Raynes for Plaintiff and Appellant.

Alexander & Klinkert and Michael N. Alexander for Defendant and Respondent.

## OPINION

HOLLENHORST, J.—Plaintiff appeals from a judgment of dismissal entered after the trial court granted defendant George Lobley's motion to dismiss for failure to serve within two years. We affirm, finding no abuse of discretion.

### FACTS

On August 22, 1985, plaintiff filed an action for medical malpractice for injuries sustained in a surgery performed by defendant Dr. Lobley in May of 1982. Sometime thereafter, plaintiff substituted attorneys and the second attorney filed an amended complaint on March 18, 1986. On May 14, 1987, plaintiff retained her present attorney. The present attorney obtained a medical consultation and thereafter served the amended complaint on defendant on October 8, 1987.

On May 19, 1988, defendant filed an answer to the complaint and a motion to dismiss on the grounds that plaintiff had failed to serve the complaint within two years from the filing of the action. The matter was argued and on July 21, 1988, the court granted the motion to dismiss, finding unreasonable delay in service and actual prejudice to defendant. Plaintiff filed a motion for reconsideration on August 1, 1988, which was denied on September 1, 1988. The order of dismissal was entered on August 29, 1988, and the appeal was filed on October 3, 1988.

### DISCUSSION

██ An action to dismiss for failure to serve summons within two years is addressed to the trial court's sound discretion and its decision will not be

disturbed absent a clear showing of a manifest abuse of that discretion. (*Longshore* v. *Pine* (1986) 176 Cal.App.3d 731, 736 [222 Cal.Rptr. 364].) ■ Plaintiff contends the trial court abused its discretion as there was insufficient evidence to support its finding of actual prejudice to defendant. Defendant submitted his declaration and that of the anesthesiologist stating that they had no memory of the surgery or the incident. Plaintiff contends that as the claim of malpractice is predicated upon defendant's use of the wrong size pins in plaintiff's arm, a claim which according to plaintiff is readily determined by review of the X-rays and the medical records, defendant's memory or lack thereof is irrelevant.

■ Actual prejudice need not be established before a court may dismiss an action. The legislative policy underlying the dismissal statutes is not solely to avoid prejudice to the defendant but rather is also to expedite the administration of justice by requiring every person to prosecute his action promptly and diligently. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58].) Moreover, prejudice is presumed from protracted and unexplained delay, particularly when the delay has been in serving the complaint. (*Schumpert* v. *Tishman Co.* (1988) 198 Cal.App.3d 598, 605-606 [243 Cal.Rptr. 810]; *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 403 [153 Cal.Rptr. 912].)

Plaintiff places great reliance on *Hilburger* v. *Madsen* (1986) 177 Cal.App.3d 45 [153 Cal.Rptr. 912], as illustrative of the proper disposition of this case. In *Hilburger,* the Court of Appeal reversed a discretionary dismissal, finding no prejudice to defendants. However, unlike in the present case, in *Hilburger,* there was a showing of reasonable and justified delay in service of the complaint as well as diligence in prosecuting the action after service. In *Hilburger,* plaintiffs had withheld service of the complaint because defendant's insurer was conducting an investigation with the view of possibly settling the matter without trial. This explanation was amply supported by the evidence. ■ Thus *Hilburger* stands for the proposition that when plaintiff provides an adequate explanation for the delay or otherwise demonstrates diligence in prosecuting the action the trial court abuses its discretion in dismissing the action when there is no actual prejudice to defendant.

■ Here, even assuming plaintiff's contention regarding the lack of actual prejudice is correct, there was no showing of justifiable delay or diligence in prosecution. The trial court's finding in this regard is supported by plaintiff's failure to explain why service was not or could not be effected prior to August 1987. While plaintiff did offer some explanation for the delay from May 1987 when her present attorney was hired until October when service was effectuated, there was an insufficient explanation for the

delay *prior* to May of 1987.[1] Plaintiff's declaration simply states that at sometime after the complaint was filed, her first attorney referred her to a second attorney.[2] There is no information as to when this occurred and no explanation as to why service was not or could not have been made by the first attorney. Similarly, we have no explanation as to why the second attorney did not serve defendant or when he advised plaintiff that he was no longer willing to represent plaintiff.[3]

When faced with a motion to dismiss it is incumbent upon plaintiff to establish reasonable or excusable delay in service. If such a showing is not made, the court may dismiss the action in its discretion even if defendant fails to establish actual prejudice. Here, in light of the failure to explain the delay in service from August 1985 to May of 1987, the trial court did not abuse its discretion in granting the motion to dismiss.[4], [5]

Similarly, the trial court did not abuse its discretion in denying plaintiff's motion for reconsideration. Plaintiff sought reconsideration and a continuance in order that she might take defendant's deposition to test his claim of lack of memory and/or to refresh his recollection. As actual prejudice did

[1] At the hearing on the motion to dismiss, plaintiff focused on the fact that service was effectuated only 47 days after the expiration of the 2-year period, apparently believing that this was the only relevant time period. Not so. While a defendant cannot move to dismiss an action if service is made within two years even if plaintiff was dilatory during that two-year period, this is based on the Legislature's determination that two years should be sufficient to serve the complaint. If plaintiff delays beyond the two years it becomes incumbent on plaintiff to explain why service was not made within two years and to show that she acted diligently throughout the two years. It is not enough merely to explain what action was taken after the two years expired.

[2] Plaintiff's declaration was not submitted until the motion for reconsideration was filed. At the time of the original motion to dismiss, there was no explanation for the delay in service from August of 1985 to May 1987.

[3] There is a hint that the possible reason for the delay in service by the two former attorneys was their inability to obtain a medical consultation as required by former Code of Civil Procedure section 411.30. However, there was no showing of what steps the former attorneys took to obtain the consultation and why they encountered difficulty, assuming they did. We note that plaintiff's present counsel was able to obtain such a consultation in less than four months.

[4] Plaintiff at the hearing on the motion as much as conceded the prior attorneys did not act diligently and apparently contends she should not be held accountable for this lack of diligence. Unfortunately, in the majority of cases, the delay in service or prosecution is the fault of counsel and not the parties themselves. While the attorneys' inexcusable neglect may be a basis of an action against them, it does not justify continued maintenance of the action against a defendant who did nothing to cause the delay in service.

[5] We also do not address plaintiff's contention that defendant's conduct after service was effected should have been considered by the trial court. Whatever "misconduct" there was of defendant in leading plaintiff to believe an answer was filed in November of 1987, and in not complying with plaintiff's discovery requests after the complaint was served, could not have caused, or in any way contributed to, plaintiff's delay in serving the complaint prior to August of 1987.

not need to be established in the absence of a showing of reasonable or justified delay, the trial court did not err in denying the motion for reconsideration.

DISPOSITION

Judgment affirmed.

Campbell, P. J., and Dabney, J., concurred.