[No. B078489. Second Dist., Div. Six. Dec. 20, 1994.]

JAMES GRAHAM et al., Plaintiffs and Appellants, v.
PATRICIA BEERS et al., Defendants and Respondents.

**COUNSEL**

Manuel H. Miller and Ronald S. Sofen for Plaintiffs and Appellants.

Borton, Petrini & Conron, Robert J. Gundert, Hall & Hieatt, Clayton U. Hall and Lori A. LaMacchia for Defendants and Respondents.

**OPINION**

**GILBERT, J.**—An attorney negligently fails to diligently prosecute an action. Code of Civil Procedure section 473[1] provides that upon a proper motion the court shall vacate a default judgment or dismissal entered because of an attorney's mistake, inadvertence, surprise, or neglect. Does that mean that a trial court may not dismiss an action for failure of the attorney to diligently prosecute the action under section 583.410? No. We conclude that the mandatory language of section 473 does not apply to the discretionary dismissal statutes.

After the trial court dismissed this action for failure to prosecute, it properly refused to vacate the judgment of dismissal in response to a motion brought pursuant to section 473.

FACTS

Appellants, James and Francine Graham and their children, were passengers in a vehicle driven off a highway by Michael Beers. Beers died as a result of this accident and the Grahams were severely injured.

On November 7, 1989, the Grahams filed this action against respondent, Patricia Beers, who is the administratrix of the estate of Michael Beers. Beers filed a cross-complaint against the County of San Luis Obispo and others.[2]

The case lay dormant for three and one-half years until March 2, 1993, when the trial court issued and served an order to show cause regarding the dismissal on its own motion. (§ 583.410.) The court set the matter for hearing on March 26, 1993. On March 10, 1993, the Grahams filed an at-issue memorandum.

Because the Grahams failed to appear on March 26, the trial court reset the matter for May 21, 1993. The court ruled that ". . . the plaintiffs in this case have been inattentive to this case for an unreasonable period of time, and the motion to dismiss is granted."

The trial court considered the length of time that had passed since the accident and the filing of the complaint and noted that one witness had

---

[1]All reference to section hereafter refer to the Code of Civil Procedure.
[2]Patricia Beers and the County of San Luis Obispo are the only respondents to this appeal.

disappeared. The court observed that plaintiffs' participation consisted of only one settlement conference in May 1991, five phone conversations and a single letter over several years. In considering California Rules of Court, rule 373 and *Hilliard* v. *Lobley* (1989) 216 Cal.App.3d 638 [265 Cal.Rptr. 5], the judge stated ". . . there is no showing of justification for the delay or lack of diligence. . . . [¶] [S]ettlement discussions were minimal or nonexistent, and therefore, not an excuse." On July 13, 1993, the trial court filed its order and judgment of dismissal.[3]

On August 17, 1993, the trial court denied Graham's motion for reconsideration. The court ruled that Graham provided " '. . . no new or different facts . . .' " and that "Plaintiffs' counsel assumed the matter would settle and made a conscious decision to relegate it to the 'back burner.' "

On August 23, 1993, the Grahams filed the motion for relief which is at issue here, pursuant to Code of Civil Procedure section 473. After considering the papers submitted and listening to extensive oral argument, the trial court found that the Grahams' attorney was ". . . rearguing the same motion that was reargued before." The court stated that "I don't think there are any grounds to reconsider, and secondly, I don't think that my ruling was incorrect the first time."

On September 7, 1993, the trial court issued a minute order denying relief on the 473 motion and this appeal ensued.

### DISCUSSION

The sole issue here is whether the trial court properly refused to apply section 473. The Grahams contend that they are entitled to mandatory relief under section 473.

Effective January 1, 1993, section 473 was amended to read, in pertinent part, that "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . (2) resulting . . . dismissal entered against his or her client, *unless the court finds that the . . . dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.*" (Italics added.)

Counsel complied with the prerequisites for mandatory relief under section 473. The application was timely, in proper form and was accompanied

---

[3]The trial court filed an amended judgment on September 14, 1993, to reflect costs.

by a sworn declaration from counsel, stating that he failed to bring the case to trial within three years ". . . because I erroneously believed this matter would settle and made a 'conscious decision to relegate it to the back burner.' " He asserted he was ". . . guilty of neglect . . ." and ". . . was mistaken in my belief that the case would settle . . . ."

■ To obtain mandatory relief under section 473, plaintiffs' counsel need not show that his or her mistake, inadvertence, surprise or neglect was excusable. No reason need be given for the existence of one of these circumstances. Attestation that one of these reasons existed is sufficient to obtain relief, unless the trial court finds that the dismissal did not occur because of these reasons. (See *Billings* v. *Health Plan of America* (1990) 225 Cal.App.3d 250, 255-256 [275 Cal.Rptr. 80].) This rule applies to the 1993 amendment which includes dismissal. (See *Tustin Plaza Partnership* v. *Wehage* (1994) 27 Cal.App.4th 1557, 1563, fn. 6 [33 Cal.Rptr.2d 366].)

■ The court denied counsel's motion to vacate on the same grounds it denied the motion for reconsideration—that counsel consciously disregarded the case. The court stated, "You are rearguing the same motion that was reargued before." ■ "A motion for relief from [dismissal] may not be used to merely amplify or supplement the evidence and argument that were presented in opposition to the original motion to dismiss. [Citation.]" (*Williams* v. *Los Angeles Unified School Dist.* (1994) 23 Cal.App.4th 84, 105 [28 Cal.Rptr.2d 219].)

■ In ruling on the motion to reconsider, the trial court found that "plaintiffs' counsel assumed the matter would settle and made a conscious decision to relegate it to the 'back burner.' " The court also stated ". . . there is no showing of justification for the delay or lack of diligence. . . ." In his motion for relief under section 473, counsel conceded that he made a conscious decision not to prosecute this case. (See *Williams* v. *Los Angeles Unified School Dist.*, *supra*, 23 Cal.App.4th at pp. 105-106.)

The trial court carefully considered the totality of the circumstances in making its ruling. (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342 [228 Cal.Rptr. 504, 721 P.2d 590].) Substantial evidence supports the trial court's finding that there was no justification for counsel's lack of diligence stemming from his conscious decision not to prosecute. Of course a conscious decision may be the product of mistake or neglect. Counsel consciously put the case on the "back burner," because of his mistaken belief the case would settle.

By way of forceful dicta, our colleagues in the Fourth District discussed the issue we consider here. (*Tustin Plaza Partnership* v. *Wehage, supra,* 27

Cal.App.4th at p. 1564.) The majority reasoned that although section 473 deprives a court of discretion where a dismissal results from attorney neglect, the Legislature did not intend to undermine the court's discretion in making a determination under section 583.410. (See generally, *Williams* v. *Los Angeles Unified School Dist.*, *supra*, 23 Cal.App.4th at pp. 94-101.)

We agree with the *Tustin* court that section 473 may be used by counsel to seek relief from failure to oppose a motion to dismiss. (*Tustin Plaza Partnership* v. *Wehage, supra*, 27 Cal.App.4th at pp. 1565-1566; *Wilcox* v. *Ford* (1988) 206 Cal.App.3d 1170, 1178 [254 Cal.Rptr. 138], although decided before the amendment to section 473, its reasoning is still applicable.)

"The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.] Where uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323].) If the Legislature had intended to abrogate section 583.410 through its enactment of the amendments to section 473, it would have said so.

Although the seemingly contradictory language in section 473 and section 583.410 is troubling, the Legislature cannot have intended section 473 to be the perfect escape hatch from the dismissal statutes. As the *Tustin* court said, "A plaintiff who failed to convince the trial court that the prosecution of the case was diligent would have the case dismissed. That same plaintiff would then jump back into court on a section 473 motion, accompanied by an attorney's affidavit of negligence, and have the case reinstated based on the same facts offered, but discarded, in the hearing on the request to dismiss. The Legislature cannot have intended such an absurd result." (*Tustin Plaza Partnership* v. *Wehage, supra*, 27 Cal.App.4th at p. 1566.)

The *Tustin* court, apparently eager to resolve the conundrum posed by the "dueling" statutes, decided the issue even though it was not raised in the trial court. For this reason Justice Wallin in his concurring and dissenting opinion chides the majority in part for writing an opinion in search of a case. Perhaps this is the case the *Tustin* opinion was searching for.

The judgment is affirmed. Costs to respondents.

Stone (S. J.), P. J., and Yegan, J., concurred.

Appellants' petition for review by the Supreme Court was denied March 2, 1995. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.