[No. C024727. Third Dist. Sept. 18, 1997.]

BERNASCONI COMMERCIAL REAL ESTATE, Plaintiff and Appellant,
v.
ST. JOSEPH'S REGIONAL HEALTHCARE SYSTEM, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of FACTUAL AND PROCEDURAL BACKGROUND and parts I, III and IV of the DISCUSSION.

**COUNSEL**

Anthony Bentivegna for Plaintiff and Appellant.

Neumiller & Beardslee and Paul N. Balestracci for Defendant and Respondent.

**OPINION**

**SIMS, Acting P. J.**—In *Peltier* v. *McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1817-1824 [41 Cal.Rptr.2d 182], we held that a plaintiff may obtain mandatory relief under Code of Civil Procedure section 473[1] from a dismissal entered under the discretionary dismissal statutes (§ 583.410 et seq.)[2] only if it occurred because the plaintiff's attorney failed to oppose the defendant's motion for dismissal; the plaintiff may not obtain mandatory relief merely by filing an affidavit in which his or her counsel avows that the dismissal came about through counsel's fault. Here we hold that, for all the reasons stated in *Peltier*, section 473 does not mandate relief from dismissal for failure to serve a complaint within three years (§ 583.210 et seq.)[3] where the plaintiff's counsel files an affidavit avowing fault.

Plaintiff Bernasconi Commercial Real Estate originally filed suit against two named defendants and fifty Does, then later named four other defendants in place of Does (§ 474).[4] With one business day remaining before the three-year anniversary of the complaint's filing, plaintiff named defendants St. Joseph's Regional Health Care (*sic*: Healthcare) System and St. Joseph's

---

[1]As relevant, Code of Civil Procedure section 473 provides: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . resulting . . . dismissal entered against his or her client, unless the court finds that the . . . dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (Code Civ. Proc., § 473, subd. (b).)

All further undesignated section references are to the Code of Civil Procedure.

[2]Section 583.410 provides: "(a) The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case. [¶] (b) Dismissal shall be pursuant to the procedure and in accordance with the criteria prescribed by rules adopted by the Judicial Council." Section 583.420 sets out the conditions under which the court may exercise its discretion to dismiss an action.

[3]Section 583.210 provides in part: "(a) The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. . . ."

Section 583.250 provides: "(a) If service is not made in an action within the time prescribed in this article: [¶] (1) The action shall not be further prosecuted and no further proceedings shall be held in the action. [¶] (2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

[4]We take judicial notice of our opinions on the summary judgment motions filed by previously named defendants in this litigation. (Evid. Code, § 459, subd. (a); *Bernasconi Commercial Real Estate* v. *Omni Health Plan, Inc.* (May 24, 1995) C018765 [nonpub. opn.]; *Bernasconi Commercial Real Estate* v. *St. Joseph's Omni Preferred Care* (Apr. 22, 1997) C023372 [nonpub. opn.].)

Heathcare (*sic*: Healthcare) Corporation, but did not then serve them.[5] Plaintiff first attempted service well after the three-year anniversary had passed. Defendant successfully moved for dismissal (§§ 583.210, 583.250) and for sanctions (§ 128.5). Plaintiff's counsel then moved to vacate the dismissal under section 473, averring the dismissal occurred as a result of his fault, because he had failed to calendar the three-year anniversary of the filing of the complaint. The trial court denied the motion.

Plaintiff appeals from the judgment, and from postjudgment orders awarding sanctions and denying his section 473 motion. In the published portion of this opinion we affirm the judgment of dismissal and the denial of the section 473 motion. In the unpublished portions we reject plaintiff's contention that dismissal was improper because defendant was in default, but reverse the award of sanctions.

FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II

██ Plaintiff contends section 473 mandated the dismissal be set aside because it occurred as a result of counsel's fault. We do not agree.

In *Peltier* v. *McCloud River R.R. Co.*, *supra*, 34 Cal.App.4th 1809, we analyzed the interrelationship of two statutory provisions governing dismissals of complaints: (1) section 473, which (since its amendment by Stats. 1992, ch. 876, § 4) on its face mandates relief from "any . . . dismissal" shown by affidavit to have been caused by the plaintiff's attorney's fault (fn. 1, *ante*), and (2) the discretionary dismissal statutes (§ 583.410 et seq.; see fn. 2, *ante*), permitting trial courts to dismiss complaints for failure to serve within two years or to bring to trial within three years, which the Legislature did not alter when it amended section 473. We concluded that the relevant

---

[5] After filing the amended complaint plaintiff proceeded only against defendant St. Joseph's Regional Healthcare System, only that defendant moved for dismissal, and plaintiff mentions only that defendant on appeal. Therefore we refer to "defendant" in the singular henceforth.

*See footnote, *ante*, page 1078.

portion of section 473 could not be read literally, for the following reasons: To do so would effectively abrogate the discretionary dismissal statutes, since few if any dismissals under those statutes would ever be final. The abrogation or repeal of statutes by implication through the enactment or amendment of other statutes is strongly disfavored, and courts will avoid any statutory construction yielding such a result unless the legislative history of the statute at issue compels that result. The history of the 1992 amendment to section 473 shows no legislative intent to abrogate discretionary dismissals; indeed, it does not even show that the Legislature considered whether its action might affect the discretionary dismissal statutes.[11] Moreover, those statutes serve important policies (to promote the speedy trial of cases and to expedite the administration of justice), and nothing in the history of the amendment to section 473 shows any legislative intent to abandon these policies. (*Peltier* v. *McCloud River R.R. Co., supra*, 34 Cal.App.4th at pp. 1815-1822.)

Based on this reasoning, we held in *Peltier* that the relevant provision of section 473 may be reconciled with the discretionary dismissal statutes only if limited to those dismissals which are the procedural equivalent of defaults —i.e., those which occur because the plaintiff's attorney has failed to oppose a dismissal motion. (*Peltier* v. *McCloud River R.R. Co., supra*, 34 Cal.App.4th at p. 1824.)

All of the above reasoning applies squarely here. Just as a literal reading of section 473 would abrogate the discretionary dismissal statutes by implication, so would it do to the mandatory dismissal provisions of section 583.250. The silence of the legislative history of the 1992 amendment to section 473 with respect to the discretionary dismissal statutes is equally profound with respect to section 583.250. And the policies underlying the discretionary dismissal statutes are even more compelling as to the mandatory dismissal provisions of section 583.250, since the sloth in prosecution which compels dismissal is graver than that which merely invites it.

Plaintiff cites *Metropolitan Service Corp.* v. *Casa de Palms, Ltd.* (1995) 31 Cal.App.4th 1481 [37 Cal.Rptr.2d 575] and *Lorenz* v. *Commercial Acceptance Ins. Co.* (1995) 40 Cal.App.4th 981 [47 Cal.Rptr.2d 362] as authority for the contrary conclusion. They are not. Because they discuss only relief from default under section 473, not relief from dismissal (whether under

---

[11]We again take judicial notice of those portions of the legislative history of the 1992 amendment to section 473 (and of the earlier amendment to that statute which first mandated relief from attorney-caused *defaults*) which we judicially noticed in *Peltier*. (*Peltier* v. *McCloud River R.R. Co., supra*, 34 Cal.App.4th at p. 1819, fn. 5.) Having discussed the significance of that legislative history there (*id.* at pp. 1818-1822), we need not do so again, as plaintiff makes no arguments about it which we did not consider and reject in *Peltier*.

the discretionary or the mandatory dismissal statutes), they are simply inapposite.[12]

Plaintiff was not entitled to mandatory relief from dismissal under section 473.

### III, IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The order of sanctions is reversed. In all other respects the judgment and postjudgment orders are affirmed. Defendant shall recover its costs on appeal.

Davis, J., and Scotland, J., concurred.

---

[12]Plaintiff asserts that the court in *Lorenz* declined to "extend the rationale of *Graham* [v. *Beers* (1994) 30 Cal.App.4th 1656 [36 Cal.Rptr.2d 765]] and *Tustin Plaza* [*Partnership* v. *Wehage* (1994) 27 Cal.App.4th 1557 [33 Cal.Rptr.2d 366]]"—two pre-*Peltier* decisions which construed section 473's provision for relief from dismissals in the same way we did in *Peltier*. (*Graham* v. *Beers* (1994) 30 Cal.App.4th 1656, 1660-1661 [36 Cal.Rptr.2d 765]; *Tustin Plaza Partnership* v. *Wehage* (1994) 27 Cal.App.4th 1557, 1565-1566 [33 Cal.Rptr.2d 366] [in dicta].) It is true that the court in *Lorenz* declined to "extend" that rationale to section 473's provision for relief from default. However, that court had no quarrel with *Graham* and *Tustin*: it merely distinguished them. (*Lorenz* v. *Commercial Acceptance Ins. Co., supra,* 40 Cal.App.4th at pp. 996-997.)
  *See footnote, *ante,* page 1078.