[No. B133047. Second Dist., Div. Five. May 30, 2000.]

In re the Marriage of STEPHAN J. HOCK and VERONICA GORDON-HOCK.
STEPHAN J. HOCK, Respondent, v.
VERONICA GORDON-HOCK, Appellant.

**COUNSEL**

Veronica Gordon-Hock, in pro. per., for Appellant.

Michelizzi, Schwabacher, Ward & Bianchi, Steven L. Crane and David Bianchi for Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

Veronica Gordon-Hock appeals from an order, entered on April 15, 1999, denying her Code of Civil Procedure[1] section 473 motion to set aside the further judgment on further reserved issues in favor of her former spouse, Stephan J. Hock.[2] The main issue on appeal is whether the trial court erred in failing to grant Veronica relief under the "attorney's affidavit of fault," which is a mandatory provision of section 473, subdivision (b). Veronica's lawyer failed to appear at the time and place set for trial. Veronica's lawyer filed a declaration of fault pursuant to section 473, subdivision (b). We conclude that under the facts before us, Veronica's attorney's failure to appear at the time set for trial constituted a "default" within the meaning of section 473, subdivision (b). We therefore reverse the order denying the motion pursuant to section 473, subdivision (b).

## II. BACKGROUND

Veronica and Stephan were married on March 12, 1988, and separated on October 7, 1994. Stephan filed a petition for dissolution of the marriage on November 2, 1994. They had one child, who was born on February 1, 1995. A judgment of dissolution was granted on April 24, 1996, with the court reserving jurisdiction over all other issues. On September 10, 1996, the trial court entered a further judgment on reserved issues concerning the legal custody of the minor, visitation, and child support. The court reserved jurisdiction over the issue of spousal support until January 31, 1998. The court also ordered the matter continued to October 2, 1996, for further hearing in regard to the division of property.

On February 4, 1998, the court conducted a trial on the further reserved issues. Veronica did not appear at the trial, nor did her counsel. Stephan testified at the hearing. A further judgment was entered on March 16, 1998.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] For purposes of clarity and not out of any disrespect, we will refer to the parties by their first names.

On March 27, 1998, 11 days after the further judgment was entered, Veronica filed a motion to set aside the judgment on further reserved issues pursuant to section 473, subdivision (b) and on equitable grounds. In support of the motion, Veronica's attorney, Richard L. Kotler, filed an affidavit of fault. He declared that Veronica retained him to represent her in the dissolution proceedings on January 28, 1998. She did not have many of the pleadings in the matter with her except for a copy of a motion to withdraw by her former counsel, Michael Paxton. The motion was scheduled to be heard on February 17, 1998. On January 29, 1998, he prepared a substitution of attorney. He was unaware that the trial on the further issues was set for February 4, 1998. Mr. Kotler assumed that if a trial date had been set that it would have been after the hearing on Mr. Paxton's motion to withdraw. Mr. Kotler and his wife left town on February 3, 1998, for surgery that had been scheduled seven weeks prior to that time. As noted previously, the trial was scheduled for the next day, February 4, 1998. On February 3, 1998, Mr. Paxton telephoned Mr. Kotler's office. Mr. Kotler informed Mr. Paxton that the substitution of attorney had been fully executed. Mr. Kotler's paralegal stopped by Mr. Paxton's office on the evening of February 3, 1998, the day before the scheduled trial date, to pick up Veronica's file and the substitution of attorney. Mr. Paxton did not inform the paralegal that there was a trial date set for the next day. The paralegal did not ask if there was trial scheduled for the next day. The file consisted of approximately two inches of paper in no particular order. It was not until Monday, February 9, 1998, on Mr. Kotler's first day back to work after the surgery that the file was organized. At that time, Mr. Kotler discovered that a trial had been set for February 4, 1998. Attempts to resolve the matter with Stephan's counsel by agreeing to set aside the judgment were unsuccessful.

Stephan opposed the motion to set aside the judgment on the ground Veronica did not establish due diligence in failing to appear at court on the date of the trial. In addition, Stephan argued the attorney's affidavit of fault did not satisfy the statutory requirement of section 473, subdivision (b) because there was no default judgment but an uncontested trial.

The section 473 motion was not heard until April 15, 1999, which was over a year after it was filed. At that time, Veronica was representing herself. Stephan's counsel argued that Veronica should not prevail on the motion to set aside the judgment because she did not establish that she did not know about the trial date or why she failed to communicate it to Mr. Kotler.

The trial court denied the motion to set aside the judgment on April 15, 1999.[3] Veronica filed a notice of appeal from the order denying the motion to set aside the judgment.[4]

## III. DISCUSSION

██ Veronica contends the trial court should have granted her motion to set aside the judgment pursuant to section 473, subdivision (b). Under the discretionary part of this statute: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." An additional mandatory provision of this same section provides: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) ██ Where there is an attorney's affidavit of fault, the relief is mandatory unless it is determined that the attorney was not actually the cause of default judgment. (*Lorenz v. Commercial Acceptance Ins. Co.* (1995) 40 Cal.App.4th 981, 989 [47 Cal.Rptr.2d 362].) As long as there is an attorney's affidavit of fault, the neglect does not have to be excusable. (*Avila v. Chua* (1997) 57 Cal.App.4th 860, 868-869 [67 Cal.Rptr.2d 373]; *Cisneros v. Vueve* (1995) 37 Cal.App.4th 906, 909-910 [44 Cal.Rptr.2d 682].)

[3]Veronica's petition for writ of supersedeas was denied by this court on July 20, 1999.

[4]The parties dispute the extent of the present appeal. The notice of appeal indicates that it is from an April 15, 1999, order denying the motion to set aside the further judgment. Stephan argues that Veronica is in fact challenging a reconsideration motion, which was also denied. The denial of the reconsideration motion occurred after the trial court denied the request to set aside the judgment. In support of the reconsideration motion, she filed another declaration by Mr. Kotler. In this declaration, Mr. Kotler stated that the motion to set aside had been calendared for April 27, 1998, continued to June 24, 1998, and again to September 10, 1998. At the September 10, 1998, hearing a chambers conference was held and the trial judge informed counsel that the motion would be granted but that Veronica would have to pay fees. Counsel for both parties accepted this. They also agreed to continue the hearing while the terms of a new judgment were negotiated. Stephan's counsel, David Bianchi, filed a declaration which disagreed with some of Mr. Kotler's factual assertions. Mr. Bianchi declared that he was never informed that the judgment would be set aside. The negotiations were continued for almost a year because they were unsure of the trial court's ruling. The trial court denied the reconsideration motion. In the reply brief on appeal, Veronica unequivocally states that her appeal is limited to the order denying her motion to set aside the judgment.

The parties initially dispute whether the motion was properly brought under section 473, subdivision (b) as a default but rather should be characterized as a failure to appear at an uncontested hearing pursuant to section 594, subdivision (a).[5] A number of recent cases have considered the issue of what constitutes a default for purposes of section 473. For example, in *Yeap v. Leake* (1997) 60 Cal.App.4th 591, 600-601 [70 Cal.Rptr.2d 680], decided under the 1992 amendment to section 473 which added the term "or dismissal," the Court of Appeal concluded the provision should be applied where the default or dismissal occurs under circumstances similar or comparable to a default. It was then applied to grant relief to a plaintiff's whose opportunity to participate in the arbitration was lost due to negligence of counsel and the award became final also due to attorney misfeasance. (*Yeap v. Leake, supra,* 60 Cal.App.4th at pp. 594, 600-601.) Under this standard, section 473 may be used for relief under circumstances, which have been determined to be the procedural equivalent of a default. (*Vaccaro v. Kaiman* (1998) 63 Cal.App.4th 761, 771 [73 Cal.Rptr.2d 829] [uncontradicted affidavit of counsel and plaintiff that pleading was not signed solely because of attorney's delay]; *J.A.T. Entertainment, Inc. v. Reed* (1998) 62 Cal.App.4th 1485, 1492-1494 [73 Cal.Rptr.2d 365] [defendant's attorney's failure to object to plaintiff's motion to dismiss a claim "without prejudice" when dismissal should have been "with prejudice"]; *Yeap v. Leake, supra,* 60 Cal.App.4th at pp. 601-602 [plaintiff did not have opportunity to participate in judicial arbitration and award was made final, all as a result of counsel's negligence]; (*Bernasconi Commercial Real Estate v. St Joseph's Regional Healthcare System* (1997) 57 Cal.App.4th 1078, 1082 [67 Cal.Rptr.2d 475] [a failure to oppose a dismissal motion]; *Avila v. Chua, supra,* 57 Cal.App.4th at p. 868 [summary judgment granted without consideration of opposition filed late due to attorney's error]; *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1824 [41 Cal.Rptr.2d 182] [a failure to oppose motion for dismissal for failure to prosecute]; *Graham v. Beers* (1994) 30 Cal.App.4th 1656, 1661 [36 Cal.Rptr.2d 765] [a failure to oppose dismissal motion is procedural equivalent of default].) The rationale of these cases is that, where there is no hearing on the merits, an attorney's neglect should not prevent the party from having his or her day in court. (*Brown v. Williams* (2000) 78 Cal.App.4th 182, 189 [92 Cal.Rptr.2d 634]; *Yeap v. Leake, supra,* 60 Cal.App.4th at pp. 601-602; *Avila v. Chua, supra,* 57 Cal.App.4th at p. 868.)

In a different context, the Supreme Court has explained: " 'A proceeding taken against [a party] in his absence is in the nature of a default. The

---

[5]Section 594, subdivision (a) provides in part: "In superior and municipal courts either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party, unless the court, for good cause, otherwise directs, may proceed with the case and take a dismissal of the action, or a verdict, or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party has had 15 days' notice of such trial . . . ."

purpose of [section 594(a) ] is to prevent the possibility of such default being taken against one who has, by reason of insufficient notice or no notice of the time of trial, been unable to appear.' (*Sheldon* v. *Landwehr* (1911) 159 Cal. 778, 782 [116 P. 44]; see also *Estate of Dean* (1906) 149 Cal. 487, 492 [87 P. 13].)" (*Au-Yang v. Barton* (1999) 21 Cal.4th 958, 963 [90 Cal.Rptr.2d 227, 987 P.2d 697].) This dictum, coming as it does from the California Supreme Court, is highly persuasive.

However, section 473 does not apply where the party has had an opportunity to have her or his day in court and has contested the judgment or order. (*Brown v. Williams, supra,* 78 Cal.App.4th at p. 189, [plaintiff's counsel failed to timely request trial de novo after plaintiff appeared and participated in arbitration hearing]; *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 679-681 [68 Cal.Rptr.2d 228] [the failure to assert facts in opposition to summary judgment].) Thus, it does not apply to circumstances which are not the procedural equivalent of a default. (*Bernasconi Commercial Real Estate v. St Joseph's Regional Healthcare System, supra,* 57 Cal.App.4th at p. 1080 [a dismissal for delay in service of summons]; *Huens v. Tatum* (1997) 52 Cal.App.4th 259, 264-265 [60 Cal.Rptr.2d 438] [a voluntary dismissal]; *Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 933 [55 Cal.Rptr.2d 193] [a dismissal based on running of the statute of limitations]; *Peltier v. McCloud River R.R. Co., supra,* 34 Cal.App.4th at p. 1824 [judgment resulting from failure to prosecute]; *Graham v. Beers, supra,* 30 Cal.App.4th at p. 1661 [judgment resulting from failure to prosecute].) Moreover, the provision does not apply to every situation where a dismissal occurs due to attorney misfeasance and section 473 relief is sought. (*Yeap v. Leake, supra,* 60 Cal.App.4th at p. 600.) The rationale for refusing to apply section 473 under such circumstances is, "[T]he Legislature cannot have intended section 473 to be the perfect escape hatch from the dismissal statutes." (*Graham v. Beers, supra,* 30 Cal.App.4th at p. 1661.)

We conclude the circumstances of this case are more like the procedural equivalent of a default judgment. There has been no litigation on the merits. Veronica did not appear at the trial, nor was she represented by her attorney, who had been formally retained a week prior to the trial. She has not had her day in court. Mr. Kotler filed an affidavit of fault. He declared that Veronica retained him to represent her in the dissolution proceedings on January 28, 1998. This was a week before the trial on the reserved issues. He was her attorney on the date of the trial and did not appear. Veronica's former attorney, Mr. Paxton, did not advise Mr. Kotler of the trial date. Further, Mr. Kotler did not ask Mr. Paxton about the status of the case. In the absence of counsel and the party, a trial was held. This is in the nature of a default. (See *Au-Yang v. Barton, supra,* 21 Cal.4th at p. 963; *Estate of Dean, supra,* 149 Cal. 487, 492.)

Furthermore, we disagree with Stephan that the disposition of the case is controlled by *Ayala v. Southwest Leasing & Rental, Inc.* (1992) 7 Cal.App.4th 40, 43-45 [8 Cal.Rptr.2d 637]. In *Ayala*, our colleagues in Division Four of this appellate district determined that a judgment entered after the defendants failed to timely request a trial de novo after an adverse judicial arbitration award was not a "default judgment." (*Id.* at p. 44.) This was because the defendants answered the complaint and participated in both the discovery process and at the arbitration hearing. *Ayala* is not dispositive because it is distinguishable on its facts. Here, Veronica, unlike the party in *Ayala*, did not appear at the trial and has not had her day in court. Furthermore, as the court in *Yeap v. Leake, supra,* 60 Cal.App.4th at page 600, explained, under circumstances similar to the one at bench, *Ayala* relied in part upon *Billings v. Health Plan of America* (1990) 225 Cal.App.3d 250, 256 [275 Cal.Rptr. 80]. *Billings* had determined that section 473, as it read at that time, did not apply to a dismissal when an attorney failed to amend a complaint after a demurrer is sustained. (*Billings, supra,* 225 Cal.App.3d at p. 256.) *Yeap* noted that, since *Ayala* and *Billings* were decided, section 473 was amended to add the words "or dismissal" to subdivision (b)(2). (*Yeap v. Leake, supra,* 60 Cal.App.4th at pp. 594, 600.) As shown above, the term dismissal has been broadly interpreted to mean circumstances that are the procedural equivalent of a default. (*Id.* at pp. 601-602; *Bernasconi Commercial Real Estate v. St Joseph's Regional Healthcare System, supra,* 57 Cal.App.4th at p. 1082; *Avila v. Chua, supra,* 57 Cal.App.4th at p. 868; *Peltier v. McCloud River R.R. Co., supra,* 34 Cal.App.4th at p. 1824.) Further, the present case falls within the highly persuasive dictum in *Au-Yang v. Barton, supra,* 21 Cal.4th at page 963.

Stephan also cannot prevail on the claim that relief is unwarranted because this is not a default judgment but rather it is an uncontested hearing after a duly noticed trial following the procedures set forth in section 594, subdivision (a). Relying primarily on *Merrifield v. Edmonds* (1983) 146 Cal.App.3d 336, 341 [194 Cal.Rptr. 104], he contends the judgment resulting from such an uncontested hearing does not constitute a "default judgment." *Merrifield v. Edmonds, supra,* 146 Cal.App.3d at page 341, concluded that there is no default judgment under section 594, subdivision (a) under these circumstances: "[W]here a defendant who has answered the complaint receives proper notice of trial but does not appear, the plaintiff may proceed with his case and take judgment. This is what occurred in the case at bench. The hearing was one which was 'uncontested'; it was not a default hearing [citation], and the judgment was not a default judgment." (*Merrifield, supra,* 146 Cal.App.3d at p. 341; *Wilson v. Goldman* (1969) 274 Cal.App.2d 573, 576-577 [79 Cal.Rptr. 309].) Although *Merrifield* concluded that a section 594, subdivision (a) trial is not a "default judgment" for the purposes of the

matters before that court, the issue presented in this case was not expressly considered by the Court of Appeal. *Merrifield* did not involve any issue concerning the scope of mandatory relief available under section 473, subdivision (b). In fact, *Merrifield* did not involve any provision of section 473. By contrast, the issue here is whether a party who did not appear is entitled to relief from a judgment in light of the Legislature's determination that relief is mandatory if the circumstances set forth in section 473, subdivision (b) are established. Here, a trial on reserved issues took place in Veronica's absence after her former and current attorneys failed to appear or protect her interests. This is more in the nature of a default and more akin to a failure by counsel to appear at an arbitration or to oppose a motion on its merits. (*Yeap v. Leake, supra,* 60 Cal.App.4th at pp. 600-602; *Avila v. Chua, supra,* 57 Cal.App.4th at p. 868; see *Au-Lang v. Barton, supra,* 21 Cal.4th at p. 963.)

For that reason, we also disagree with Stephan that Veronica is not entitled to relief under the mandatory dismissal statute because the evidence implicitly establishes that the judgment occurred due to her failure to advise her newly hired attorney of the trial date. ▮ The Court of Appeal has held: "The purpose of the attorney affidavit provision 'is to relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits.' [Citations.]" (*Lorenz v. Commercial Acceptance Ins. Co., supra,* 40 Cal.App.4th at p. 990.) Where the facts show that the party contributed to the conduct which caused the default or dismissal, the party is not entitled to relief under section 473. (*Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1247-1248 [92 Cal.Rptr.2d 322]; *Vaccaro v. Kaiman, supra,* 63 Cal.App.4th at p. 771.)

▮ The record here does not support the claim that Veronica contributed to the default in this case. Rather, it shows that Veronica had retained a new attorney to represent her, who was unaware of the trial date. Her former attorney had filed a motion to withdraw from representation. For some reason, the matter was scheduled to be heard two weeks after the trial date. When she visited Mr. Kotler the week before the trial, she did not have many of the pleadings in the matter with her. However, she did have a copy of a motion to withdraw by her former counsel. The motion was scheduled to be heard on February 17, 1998. On January 29, 1998, Mr. Kotler prepared a substitution of attorney. He was unaware that the trial on the further issues was set for February 4, 1998. He assumed that if a trial date had been set that it would have been after the hearing on the former attorney's motion to withdraw. Mr. Kotler and his wife left town on February 3, 1998, the day before the scheduled trial, for surgery that had been scheduled seven weeks prior to that time. On the February 3, 1998, Mr. Paxton telephoned Mr.

Kotler's office to inform him that he had signed the substitution of attorney. Mr. Kotler's paralegal stopped by Mr. Paxton's office on the evening of the same day to pick up Veronica's file and the substitution of attorney. Mr. Paxton did not inform the paralegal that there was a trial date set for the next day. The paralegal did not ask if there was trial scheduled the next day. The file consisted of approximately two inches of paper in no particular order. It was not until Monday, February 9, 1998, on Mr. Kotler's first day back to work after the surgery, that the file was organized. At that time, Mr. Kotler discovered that a trial had been set for February 4, 1998. It is clear that neither Mr. Kotler nor Mr. Paxton discussed the pending trial date. At the very least, Mr. Paxton should have discussed this issue with Mr. Kotler. Mr. Paxton's withdrawal motion was scheduled to be heard two weeks after the trial date. Moreover, Mr. Kotler could easily have inquired about the status of the case. Two attorneys did nothing to protect Veronica's interests at the trial. The attorney negligence does not need to be the exclusive or sole cause of the client's loss if it was, in fact, a proximate cause of the default. (*Milton v. Perceptual Development Corp.* (1997) 53 Cal.App.4th 861, 867 [62 Cal.Rptr.2d 98]; *Cisneros v. Vueve, supra,* 37 Cal.App.4th at p. 912.) Mr. Kotler's affidavit was sufficient to establish his own conduct as well as that of Mr. Paxton in causing the default. Accordingly, the trial court should have granted the motion to set aside the judgment under section 473, subdivision (b) because Veronica's attorney attested that one of the reasons existed as to why no appearance was made to defend her at the trial on reserved issues. (*Avila v. Chua, supra,* 57 Cal.App.4th at p. 868; *Graham v. Beers, supra,* 30 Cal.App.4th at p. 1660.) Upon issuance of the remittitur, the trial court is to conduct a hearing in compliance with section 473, subdivision (b) and impose reasonable compensatory fees and costs in favor of Stephan or Mr. Bianchi. (*J.A.T. Entertainment, Inc. v. Reed, supra,* 62 Cal.App.4th at pp. 1494-1495; *Yeap v. Leake, supra,* 60 Cal.App.4th at p. 602.)

## IV. DISPOSITION

The order denying the motion to set aside the judgment pursuant to Code of Civil Procedure section 473 is reversed and a hearing on payment of fees and costs is to be held as described in the body of this opinion upon issuance of a remittitur. Veronica Gordon-Hock is to recover her costs incurred on appeal from Stephan J. Hock.

Grignon, J., and Godoy Perez, J., concurred.