Filed 11/18/20  Smith v. Banc of California, N.A. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| TRUDIE SMITH et al., | |
| Plaintiffs and Appellants, | C086703 |
| v. | (Super. Ct. No. SCV0037797) |
| BANC OF CALIFORNIA, N.A. et al., | |
| Defendants and Respondents. | |

Trudie and Jeff Smith sued Banc of California N.A. and Angela Parrish in connection with a loan for the purchase of their home.  After plaintiffs missed pleading deadlines despite a warning and a second chance from the trial court, the trial court struck plaintiffs' late-filed first amended complaint and dismissed the action.

Plaintiffs now contend they were entitled to relief under the mandatory provision of Code of Civil Procedure section 473, subdivision (b).[1]  We conclude that under the facts of this case, section 473, subdivision (b) did not prevent the trial court from

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

exercising its discretion under sections 436 and 581, subdivision (f)(2), to strike the first amended complaint and dismiss the action. We will affirm the judgment.

BACKGROUND

Defendants demurred to plaintiffs' original complaint. Plaintiffs did not file an opposition to the demurrer; instead they obtained a stipulation from defendants that plaintiffs could file a first amended complaint no later than January 10, 2017. There is no indication in the record that plaintiffs provided the stipulation to the trial court before May 4, 2017.

On January 9, 2017, several things happened. The trial court issued its tentative ruling on the demurrer. Plaintiffs attempted to file a first amended complaint, but the trial court clerk rejected the filing because a demurrer had been filed, the time for filing opposition to the demurrer had passed, and leave of court had not been granted to file a first amended complaint. In addition, plaintiffs' counsel, notwithstanding the rejected filing, arranged to serve a copy of the unfiled first amended complaint on defendants' counsel.

On January 10, 2017, the trial court sustained the demurrer as to all causes of action in the original complaint, but granted leave to file and serve a first amended complaint by February 3, 2017. Plaintiffs did not file a first amended complaint by the deadline imposed by the trial court. Nevertheless, believing that plaintiffs had filed their first amended complaint, defendants demurred to the first amended complaint that had been served on them. The trial court continued the hearing on the demurrer, explaining that a first amended complaint had not been filed. It gave plaintiffs until April 7, 2017 to file their first amended complaint. Plaintiffs did not file a first amended complaint by that deadline, and they did not file a timely opposition to the demurrer. Because no first amended complaint had been filed, the trial court dropped the demurrer hearing from its calendar.

2

On May 4, 2017, plaintiffs finally filed the stipulation and the first amended complaint.[2] They did not seek or obtain leave of court to file the first amended complaint. Defendants filed a motion to strike the first amended complaint pursuant to section 436 and to dismiss the action with prejudice under section 581, subdivision (f)(2). Plaintiffs did not file an opposition to the motion, they did not request a continuance of the hearing, and they did not request oral argument or appear at the hearing on the motion.

The trial court struck the first amended complaint because it was not filed in conformity with the trial court's order, and it dismissed the action pursuant to section 581, subdivision (f)(2) because plaintiffs did not amend their complaint within the time allowed by the trial court.

Plaintiffs filed a motion to set aside the dismissal under the mandatory provision of section 437, subdivision (b). They said their attorney had a family emergency that prevented the filing of an opposition to the motion to strike and dismiss, and their attorney did not timely request oral argument under the local court rules. Plaintiffs asserted that their attorney's failure to oppose defendants' motion was detrimental error. Plaintiffs provided the trial court with a proposed opposition to defendant's motion to strike and dismiss.

The trial court granted plaintiffs' set-aside motion and reset the hearing on defendants' motion to dismiss. But after the hearing and consideration of plaintiffs'

---

[2] Plaintiffs assert in their appellate reply brief, without citation to the record, that the stipulation was filed in the trial court on January 9, along with the first amended complaint. Assertions made without the necessary citation to the record are deemed forfeited. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) We find no support for the factual assertion in the record. The record indicates the stipulation was dated January 9, 2017, but filed on May 4, 2017. Although the stipulation says plaintiffs had until January 10, 2016 to file their first amended complaint, the reference to 2016 in that document appears to be a typo.

opposition, the trial court once again granted defendants' motion, struck the first amended complaint, and dismissed the entire action pursuant to section 581, subdivision (f)(2).

DISCUSSION

Plaintiffs contend the trial court erred in granting defendants' reset motion to strike the first amended complaint and to dismiss the action because plaintiffs were entitled to relief under the mandatory provision of section 473, subdivision (b).

When a plaintiff fails to file an amended complaint within the time allowed by the trial court after a demurrer to the complaint is sustained with leave to amend, an amended complaint may be filed only with the trial court's permission. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612-613 (*Leader*).) A trial court has broad discretion in deciding whether to allow an amendment. (*Id.* at p. 613.) It may properly deny a request to amend a complaint when the delay in presenting the amendment is unwarranted. (*Ibid.*) Moreover, it may, upon a defendant's motion or the court's own motion, strike an amended complaint that was filed without its permission or not filed within the time allowed in its order. (§§ 435, subd. (b), 436, subd. (b); *Leader,* at p. 613; see *Loser v. E. R. Bacon Co.* (1962) 201 Cal.App.2d 387, 390 ["A court may, by virtue of its inherent power to prevent abuse of its processes, strike an amended complaint which is filed in disregard of established procedural processes."].)[3] Also, a trial court may, subject to an exception not applicable here, dismiss the entire action when after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails

---

[3] Section 436 provides in relevant part: "The court may, upon a motion made pursuant to Section 435, or at any time in its discretion, and upon terms it deems proper: [¶] . . . [¶] (b) Strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."

4

to amend within the time allowed by the court and either party moves for dismissal. (§ 581, subd. (f)(2); *Leader,* at pp. 613-614.)[4]

We review a trial court's decision to strike a pleading under section 436 and to dismiss an action under section 581, subdivision (f)(2) for abuse of discretion. (*Leader, supra,* 89 Cal.App.4th at p. 612; *Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827; *Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1054.) We will disturb the trial court's ruling only upon a showing of a " ' " 'clear case of abuse' " ' " and a " ' " 'miscarriage of justice.' " ' " (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1282.) "Discretion is abused only when, in its exercise, the trial court ' "exceed[ed] the bounds of reason, all of the circumstances before it being considered." ' " (*Ibid.*) The appellant bears the burden of establishing an abuse of discretion. (*Leader,* at p. 612; *Gitmed,* at p. 827; *Harding,* at p. 1054.)

Plaintiffs rely exclusively on the mandatory relief provision of section 473, subdivision (b). Under that provision, a trial court "shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) "[I]f the prerequisites for the application of the mandatory provision of section 473, subdivision (b) exist, the trial

---

[4] Section 581, subdivision (f), provides in pertinent part: "The court may dismiss the complaint as to that defendant when: [¶] . . . [¶] (2) . . . after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."

court does not have discretion to refuse relief." (*Leader, supra*, 89 Cal.App.4th at p. 612.) We review the applicability of the mandatory relief provision of section 473 de novo where, as here, it does not turn on disputed facts and presents a pure question of law. (*Ibid.*)

Courts have interpreted "dismissal" in the mandatory relief provision of section 473, subdivision (b) as limited to dismissals entered because the plaintiff's attorney failed to oppose a dismissal motion. (*Leader, supra,* 89 Cal.App.4th at pp. 617-618; *Bernasconi Commercial Real Estate v. St. Joseph's Regional Healthcare System* (1997) 57 Cal.App.4th 1078, 1082 [section 473, subdivision (b) does not require relief from mandatory dismissal under section 583.250 for failure to serve a complaint within three years]; *Peltier v. McCloud River R.R. Co*. (1995) 34 Cal.App.4th 1809, 1816-1825 [section 473, subdivision (b) does not require relief under section 583.410 for failure to bring the case to trial within three years]; see *Huens v. Tatum* (1997) 52 Cal.App.4th 259, 263.)

As the appellate court in *Graham v. Beers* (1994) 30 Cal.App.4th 1656 (*Graham*) explained, " 'the discretionary dismissal statutes overlap with section 473's attorney affidavit provision, because both provisions focus upon "excuses" for misfeasance. In other words, under the discretionary dismissal statutes, dismissals are "ordered after a hearing in which the court has evaluated and considered the excuses for delay. Plaintiff cannot circumvent the court's ruling by filing an attorney affidavit of fault . . . ." [Citation.] . . . "[T]he Legislature cannot have intended section 473 to be the perfect escape hatch from the dismissal statutes . . . . 'A plaintiff who has failed to convince the trial court that the prosecution of the case was diligent would have the case dismissed. That same plaintiff would then jump back into court on a section 473 motion, accompanied by an attorney's affidavit of negligence, and have the case reinstated based on the same facts offered, but discarded, in the hearing on the request to dismiss. The

6

Legislature cannot have intended such an absurd result.' " [Citation.]' " (*Leader, supra*, 89 Cal.App.4th at p. 619.)

The mandatory relief provision of section 473 does not apply to the trial court's discretionary dismissal under the circumstances of this case. (*Leader, supra*, 89 Cal.App.4th at p. 620; see also *Graham, supra,* 30 Cal.App.4th at p. 1661.) The trial court granted plaintiffs' set-aside motion and reset the hearing on defendants' motion to strike and dismiss. Plaintiffs do not challenge the trial court's November 14 set-aside order. Plaintiffs and their counsel and defendants' counsel appeared at the reset hearing. The trial court heard counsels' arguments and considered plaintiffs' opposition to the motion. Recounting what it described as "persistent" neglect in the case, the trial court said it did not foresee any likelihood that circumstances would improve if the neglect was excused.

It is true that the parties stipulated to allow plaintiffs to file a first amended complaint and that the trial court granted plaintiffs leave to amend their complaint. However, the parties' stipulation provided that plaintiffs would file a first amended complaint by January 10 and the trial court's order required any amended complaint to be filed before February 3, but plaintiffs did not file an amended pleading by those dates. Plaintiffs did not comply with former section 472, subdivision (a) when they tried to file a first amended complaint on January 9. Even so, the trial court gave plaintiffs another chance to file an amended pleading. Its March 28 minute order said a first amended complaint had not been filed and granted plaintiffs leave to file an amended complaint no later than April 7. Plaintiffs were aware of the March 28 hearing because they filed a brief acknowledging the hearing date. However, plaintiffs again failed to file their amended complaint by the court-imposed deadline. Instead, they filed their first amended complaint after the deadline without obtaining further leave from the trial court. Even if plaintiffs' counsel believed the first amended complaint had been filed on January 9,

7

there was no explanation for the delay in filing it once the trial court notified the parties that an amended pleading had not yet been filed.

Plaintiffs' failure to amend within the extended time provided by the court subjected their first amended complaint to a motion to strike and their action to a dismissal motion. (*Leader, supra*, 89 Cal.App.4th at pp. 613-614.) The trial court exercised its discretion to strike the first amended complaint and dismiss the action, outlining the multiple omissions by plaintiffs and finding that the declarations by plaintiffs' counsel offered incomplete explanation, if any, for the failure to abide by court-imposed deadlines. It considered plaintiffs' opposition to the dismissal motion and plaintiffs' counsel's arguments at the hearing, but found the explanations for the repeated failures insufficient. Counsel's mea culpa declaration did not prevent the trial court from exercising its discretion under sections 436 and 581, subdivision (f)(2). (*Leader,* at pp. 614-616.) Additionally, plaintiffs do not challenge the order sustaining the demurrer on all causes of action in the complaint, and they do not show how the amendments in the first amended complaint cured the identified defects. Plaintiffs fail to demonstrate prejudicial abuse of discretion.

Plaintiffs rely on *Avila v. Chua* (1997) 57 Cal.App.4th 860, disapproved in *The Urban Wildlands Group, Inc. v. City of Los Angeles* (2017) 10 Cal.App.5th 993, 1000 (*Avila*), but that case is distinguishable. In *Avila*, the trial court struck the late-filed opposition to the defendants' summary judgment motions and granted the defendants summary judgment. (*Avila,* at pp. 863-864.) The trial court then denied the plaintiffs' subsequent motion for relief under the mandatory relief provision of section 473, subdivision (b). (*Avila,* at p. 865.) The appellate court held that the trial court erred in denying relief. (*Id.* at pp. 862, 867-868) It said the judgment in the case was analogous to a default judgment; the trial court decided the matter on defendants' papers only and there was no litigation on the merits. (*Id.* at p. 868.) Without deciding whether we agree with *Avila's* holding (cf. *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th

8

130, 138), *Avila* is inapposite because in this case the trial court considered plaintiffs' opposition to defendants' motion to strike and dismiss in deciding defendants' motion. *Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, a case plaintiffs cite in their appellate reply brief, is distinguishable for the same reason. (*Id.* at pp. 1148-1149 [dismissal granted without any opposition from the plaintiffs].)

Plaintiffs' contention lacks merit.

## DISPOSITION

The judgment is affirmed.


                                        /S/
                                 MAURO, Acting P. J.



We concur:



      /S/
HOCH, J.



      /S/
KRAUSE, J.


9