[No. B128760. Second Dist., Div. Three. Feb. 10, 2000.]

LA TANYA BROWN, Plaintiff and Appellant, v.
MAURICE WILLIAMS et al., Defendants and Respondents.

COUNSEL

Stuart L. Tolchin for Plaintiff and Appellant.

West & Miyamoto and Eugene F. West for Defendants and Respondents.

OPINION

**CROSKEY, Acting P. J.**—La Tanya Brown (plaintiff) allegedly was injured when she slipped and fell down three stairs on premises owned by Maurice and Rosemary Williams (defendants). Plaintiff filed suit against defendants, and was awarded nothing by the judicial arbitrator, then failed to timely request a trial de novo. Thus, the arbitration award became final.

Plaintiff sought relief from her failure to timely request a trial de novo pursuant to Code of Civil Procedure section 473, subdivision (b)[1] and California Rules of Court, rule 1615(d), on the ground that it was due to the neglect of her attorney, and that such neglect entitled her to mandatory relief. The relief she requested was (1) to be allowed to file her belated request for trial de novo, and (2) to vacate the arbitration award. The trial court denied her motion for relief, and she now appeals from that order.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff sued defendants, who answered her complaint. At the July 1998 status conference, the case was ordered into judicial arbitration, which was to be concluded by September 30, 1998. Plaintiff's counsel did not appear at the status conference, but notice of the ruling was served on him on July 30, 1998.

The arbitrator failed to schedule an arbitration hearing despite several attempts to contact him to set up a hearing date. On September 25, 1998, defendants' counsel made an ex parte application to extend the arbitration completion date so that the parties could select another arbitrator, because of the first arbitrator's lack of cooperation. This application was denied, and the superior court ordered the parties to show cause, on October 22, 1998, why sanctions should not be imposed for failure to complete the arbitration. Plaintiff's attorney also failed to appear at the hearing on the ex parte application.

The parties selected a new arbitrator, and the arbitration was scheduled for September 29, 1998. Plaintiff and her attorney both attended the arbitration and presented testimony, documents, and argument. *Plaintiff did not present any expert testimony, because her safety expert had not yet inspected the premises.* At the conclusion of the arbitration, the arbitrator announced his intended decision was in favor of the defendants, plaintiff having failed to carry her burden of proof. The arbitration award was served by mail on October 6, 1998 and filed shortly thereafter, and the order to show cause was vacated, the arbitration having been completed before the September 30, 1998 deadline.

No request for a trial de novo was filed, and on November 9, 1998, the time to make such a request having passed, the clerk of the court entered judgment on the award pursuant to section 1141.23. On December 3, 1998, plaintiff's attorney filed a motion for relief from his failure to file a request

---

[1]All further statutory references will be to the Code of Civil Procedure except as otherwise noted.

for a trial de novo, and sought the mandatory relief provided by section 473, subdivision (b), or, alternatively, the discretionary relief allowed by statute.

This motion was supported by the declaration of plaintiff's attorney, who stated, among other things, that (1) he had been unable to present expert testimony at the arbitration because his expert had not yet inspected the premises; (2) on October 22, 1998, his expert did inspect the premises and discovered evidence which, plaintiff's attorney opined, would allow him to carry the plaintiff's burden of proof at trial on the issue of liability; (3) on September 17, 1998, his secretary quit without notice, and he did not make arrangements for a permanent secretary until October 10, 1998; (4) "accordingly," when the defense arbitration award was received by his office on October 10, 1998, it was not properly processed, and a request for trial de novo was not filed, which was his own mistake; and (5) because of this mistake, plaintiff's action was "dismissed."

The motion for relief was opposed. The trial court denied the motion, stating in its minute order of December 23, 1998: "Court finds that the [plaintiff's counsel's] declaration indicates that plaintiff's counsel's secretary terminated her employment with the law offices prior to the arbitration, and a permanent new assistant was not retained until 10/14/98, pursuant to [counsel's] declaration paragraph 4. There is an insufficient showing as to why plaintiff's counsel failed to comply with the filing deadline despite the absence of a permanent secretary. Further, a new permanent secretary was in place on 10/14/98, three weeks prior to the deadline for filing a request for trial de novo. There is no showing of surprise, inadvertence, mistake, or excusable neglect to justify plaintiff's counsel['s] failure to file a timely request for trial de novo between 10/14/98 and 11/7/98."

▬▬▬ On January 6, 1999, plaintiff filed a timely notice of appeal from the order denying her motion to be relieved of the failure to file a timely request for a trial de novo, "which order resulted in a judgment dismissing plaintiff's action" according to plaintiff's notice of appeal.[2]

---

[2] In connection with a judicial arbitration, when there has been no request for a trial de novo and the arbitration award is not vacated, the award shall be entered in the judgment book in the amount of the judgment, and such an award shall have the same force and effect as a judgment in any civil action or proceeding, except that it is not subject to attack or appeal, and may not be set aside except as provided by sections 473 or 1286.2 or by Judicial Council rule. (§ 1141.23.)

Here, plaintiff is appealing from the order denying her motion for relief pursuant to section 473. Such an order is appealable. (*Hughey v. City of Hayward* (1994) 24 Cal.App.4th 206, 208-210 [30 Cal.Rptr.2d 678] [an order denying a motion for relief from default by one who failed to request a trial de novo following an arbitration award is appealable].)

CONTENTIONS ON APPEAL

Plaintiff contends the trial court erred by (1) refusing to grant her the mandatory relief provided for by section 473, subdivision (b), and (2) abusing its discretion by denying her the discretionary relief allowed by section 473. Defendants dispute these contentions.

DISCUSSION

A court has power within six months after entry of judgment to grant relief from the judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).)[3] The grounds and terms upon which such relief may be granted are the same as those involving pretrial orders. ■ A trial court's order granting or denying relief under section 473, subdivision (b) is reviewed on appeal for abuse of discretion. (*Uriarte v. United States Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 787-790 [59 Cal.Rptr.2d 332].) "Although precise definition is difficult, it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered. [Citations.] We have said that when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598 [153 Cal.Rptr. 423, 591 P.2d 911]; see also *Yeap v. Leake* (1997) 60 Cal.App.4th 591, 598 [70 Cal.Rptr.2d 680] (*Yeap*).)

Plaintiff contends that the trial court was *required* to vacate the judgment in this case, because the judgment was, in fact, void.[4] She cites *Romadka v. Hoge* (1991) 232 Cal.App.3d 1231 [283 Cal.Rptr. 878] (*Romadka*), and *Yeap, supra,* 60 Cal.App.4th 591 for this proposition.

---

[3]Section 473 grants a court discretion "upon any terms as may be just," to "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).)

In addition, under a separate, mandatory provision, "the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).)

[4]Plaintiff has not, however, established that the judgment was actually void, as opposed to voidable. Section 473 empowers a trial court to set aside any judgment or order that is void as a matter of law, for example, because the court lacked subject matter jurisdiction, or because the summons and complaint were not properly served, so that the court lacked personal jurisdiction over a defendant, or otherwise because the judgment or order violated a

*Romadka, supra*, 232 Cal.App.3d 1231, involved the question of the fundamental limitations on an attorney's authority to act on behalf of a client. In *Romadka*, the attorney voluntarily dismissed the plaintiff's action with prejudice instead of *without* prejudice. The attorney, who had no authority to dismiss the action *with* prejudice, *mistakenly* marked the dismissal-with-prejudice box on the dismissal form. The plaintiff in *Romadka* *was* able to obtain relief under section 473 because the voluntary dismissal was entered by mistake. (See 1 Witkin, Cal. Procedure (4th ed. 1996) Attorneys, § 273, pp. 338-339.)

In *Yeap, supra*, 60 Cal.App.4th 591, a decision by Division Four of this District (an opinion by Baron, J., with Hastings, J., concurring, and dissenting opinion by Epstein, Acting P. J.), the plaintiff brought a medical malpractice action, which was submitted to arbitration. After her counsel failed to appear for the arbitration hearing (having missed it because of a calendaring error), an arbitration award of $0 was entered. After the plaintiff's attorney *also* failed to make a timely request for trial de novo, judgment against the plaintiff was entered on the arbitration award. When the plaintiff moved, pursuant to section 473, to have the award set aside and to have a trial de novo, the trial court denied her motions.

The reviewing court held that the issuance of an arbitration award of $0 had the same effect as a dismissal for failure to appear (her counsel, as noted above, had failed to appear). It then concluded that a dismissal for failure to appear was analogous to a default, so that the mandatory provisions of section 473 were applicable, and that therefore the plaintiff was entitled to relief, because her claim would have proceeded to arbitration on its merits but for her attorney's inadvertent mistakes.[5] Because the evidence supported the trial court's determination that the plaintiff's counsel's failure to submit the request for trial de novo in a timely fashion was not excusable neglect,

---

party's due process rights to notice and an opportunity to be heard. (§ 473, subd. (d); see *Reid v. Balter* (1993) 14 Cal.App.4th 1186, 1194 [18 Cal.Rptr.2d 287] [dismissal order entered without notice and opportunity to be heard was void and subject to being set aside pursuant to § 473].)

[5]The dissent in *Yeap* disagreed that there had been *either* a default or dismissal in that case, because (1) a default entered by the clerk is not some adverse result flowing from the failure of an attorney to do an act (as occurred in *Yeap*), but is, instead, a formal entry made when a party sued fails to answer the charges, or where its answer is stricken, and (2) a dismissal is not what occurs when an arbitration award ripens into a judgment (as occurred in *Yeap*), but is, instead, the withdrawal of an application for judicial relief by the party seeking such relief, or the removal of the application by a court. Thus, the dissent argued that because there was neither a default nor a dismissal in the case before it, the mandatory provisions of section 473 did not apply, and the trial court had not abused its discretion to deny relief. Therefore, the dissent would have affirmed the judgment. (*Yeap, supra*, 60 Cal.App.4th at pp. 603-605 (dis. opn. of Epstein, Acting P. J.).)

the appellate court noted that it could only reverse the trial court's decision using the mandatory provisions of section 473, which is exactly what it did.

■ Here, plaintiff's case does not fall within the limited parameters for relief set up by either the language of section 473 or the holdings in *Romadka* or *Yeap*. Plaintiff and her attorney both appeared for the arbitration, and simply failed to present the kind of evidence the arbitrator might have found to be persuasive in favor of plaintiff. In other words, plaintiff had her day in court. Her attorney then failed to make a timely request for a trial de novo. In such circumstances, an attorney's affidavit of fault does not entitle the moving party to relief.

Although such an affidavit makes relief mandatory from a default judgment or dismissal (see § 473, subd. (b)), it does not mandate relief from judgments entered on an arbitration award. (*Ayala v. Southwest Leasing & Rental, Inc.* (1992) 7 Cal.App.4th 40, 44-45 [8 Cal.Rptr.2d 637] (*Ayala*).) If a client was deprived of a hearing, however (as in *Yeap*), the result is different; if the attorney's neglect prevented the client from having his or her "day in court" (including an arbitration hearing), then relief is mandatory, even if it means setting aside an arbitration. (*Yeap, supra,* 60 Cal.App.4th at p. 601.) As noted above, in *Yeap*, the plaintiff's attorney was negligent in calendaring the date for the arbitration hearing, and, as a result, the plaintiff failed to appear at the hearing. The reviewing court specifically noted, in holding that relief under section 473, subdivision (b), was mandatory, that the judgment entered on the arbitration award was "analogous to a default because it came about as a result of appellant's failure to appear and litigate at the arbitration hearing." (*Yeap, supra,* 60 Cal.App.4th at p. 601; see also *Avila v. Chua* (1997) 57 Cal.App.4th 860, 868 [67 Cal.Rptr.2d 373] [appellate court found that relief under § 473 was mandatory using this same "analogous-to-a-default-judgment" analysis in a case in which summary judgment had been granted after the trial court refused to consider the opposition thereto after the opposing party's attorney negligently failed to file timely opposition papers]; but cf. *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 684 [68 Cal.Rptr.2d 228] [no mandatory relief under § 473, subd. (b) where summary judgment followed ruling on merits]; *Graham v. Beers* (1994) 30 Cal.App.4th 1656, 1661 [36 Cal.Rptr.2d 765] [attorney affidavit of fault provision offers no "escape hatch" from the mandatory dismissal statutes (§§ 583.310, 583.410) or from a discretionary dismissal ordered after a hearing; otherwise, § 473, subd. (b)'s mandatory relief could always be invoked to undermine the dismissal statutes—an "absurd result" the Legislature could not have intended].)

We conclude that *Ayala* is more on point with this case than is *Yeap* or *Romadka*. As the court in *Ayala* stated, "This case does not involve a default

judgment. [The defendants] not only answered the complaint, they· also participated in discovery and in an arbitration hearing. The judgment entered upon the arbitrator's award had the same force and effect as any other civil judgment. (Code Civ. Proc., § 1141.23; Cal. Rules of Court, rule 1615.) Therefore, [the defendants'] motion to vacate the judgment fell within the discretionary, rather, than the mandatory, provisions of Code of Civil Procedure section 473." (*Ayala, supra*, 7 Cal.App.4th at p. 44.) These are the circumstances here, too; there was no default judgment, and plaintiff appeared and participated in the arbitration hearing. The only possibly relevant negligent act relied upon here was plaintiff's attorney's failure to timely request a trial de novo.[6]

The *Yeap* court itself distinguished its facts from those in *Ayala* in two ways. First, after *Ayala* was decided, section 473 was amended to add the phrase "or dismissal" to subdivision (b)(2). Second, the plaintiff in *Yeap* initially failed to appear at the arbitration, which resulted in the entry of a defense award, and the plaintiff's attorney then also failed to timely request a trial de novo. The *Yeap* court stated that "We conclude that where the plaintiff loses the opportunity to participate in the arbitration due to negligence of counsel, and the award becomes final also due to attorney misfeasance, the mandatory provision does apply." (*Yeap, supra*, 60 Cal.App.4th at p. 594.) Although plaintiff contends that a judicial arbitration hearing does not constitute a "day in court," citing *Parker v. Babcock* (1995) 37 Cal.App.4th 1682 [44 Cal.Rptr.2d 602], we conclude, for purposes of determining whether the mandatory provisions of section 473 apply, participation in such a hearing does constitute a "day in court."

We conclude that the mandatory provision of section 473 simply does not apply to the kind of negligence that resulted in the judgment here. In other words, there is no mandatory relief for negligence which consists of failing to timely request a trial de novo after there has been an arbitration hearing in which the plaintiff and her attorney actually participated. (Cf. *Bernasconi Commercial Real Estate v. St. Joseph's Regional Healthcare System* (1997) 57 Cal.App.4th 1078, 1082 [67 Cal.Rptr.2d 475] [mandatory relief under § 473 is not available for failure to timely serve the complaint under § 583.210]; *Graham v. Beers, supra*, 30 Cal.App.4th 1656 [mandatory relief is not available for dismissal based on delay in prosecution]; *Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 933 [55 Cal.Rptr.2d 193] [mandatory relief is not available for running of the applicable statute of limitations].)

---

[6]Plaintiff also points to her attorney's failure to call an expert witness in the arbitration as having some bearing on her entitlement to relief pursuant to section 473. The failure to call an expert witness at trial is clearly not a default judgment or dismissal which a party is entitled to have set aside under the mandatory relief provision of section 473.

Plaintiff also contends the trial court abused its discretion by denying her any relief under the discretionary provisions of section 473. We find no such abuse of discretion, either.

## DISPOSITION

The order is affirmed. Defendants shall recover their costs on appeal.

Aldrich, J., and Schneider, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.