Filed 6/27/13  Pro2 Solutions v. AB Dental Med Supply CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PRO2 SOLUTIONS, INC. et al,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>AB DENTAL MED SUPPLY, INC. and DANA NGUYEN, aka TRANG K. NGUYEN,<br><br>    Defendants and Respondents. | H038364<br>(Santa Clara County<br>Super. Ct. No. 1-11-CV191774) |

Plaintiffs and appellants Pro2 Solutions, Inc. and MyDent International (collectively Pro2 Solutions) appeal from two orders which set aside the entry of default and default judgment, set aside writs of execution, and returned levied funds.  For the reasons we explain here, we will affirm the trial court's orders.

## I.  BACKGROUND

On January 12, 2011, Pro2 Solutions filed a summons and complaint against several individuals and entities, including defendants and respondents AB Dental Med Supply, Inc. and Dana Nguyen also known as Trang K. Nguyen (collectively AB Dental), alleging defendants owed Pro2 Solutions approximately $56,000 for the sale of medical supplies.  On April 26, 2011, Pro2 Solutions filed a proof of service of the summons and complaint on AB Dental Med Supply, Inc.  The proof indicated that service was made on

March 9, 2011, on Trang K. Nguyen, the company's agent for service of process, by substitute service on a Vietnamese female who refused to state her name.  According to the proof, service was made at 1161 Ringwood Court, Suite 130, in Santa Clara, California (hereafter Ringwood Court).  The proof of service further indicated that, on March 10, copies of the documents were mailed to Trang K. Nguyen at the Ringwood Court address.

Pro2 Solutions filed due diligence declarations with the proof of service.  The first declaration, signed by a process server identified as Jie Zhang, explained that he attempted to serve AB Dental Med Supply, Inc. personally at the Ringwood Court address:  "02/20/11 @ 1:30 PM:  Dana Nguyen, ALSO KNOWN AS Trang K. Nguyen was in the office with two kids.  . . .  She refused to accept documents and threatened to call the police.  Left unserved."

The second declaration, signed by Pro2 Solutions' counsel of record Danning Jiang, stated that on March 9, 2011, Mr. Jiang visited the Ringwood Court address, at which time:  "A lady came out from a [sic] inside office (refused to state her name; female, Vietnamese, 40s, 5′4″, 130 lbs).  She stated Dana was not in the office.  She is a person apparently in charge of the office.  Sub-served on the lady by leaving copies of the documents."

Pro2 Solutions also filed a proof of service of summons and complaint on Dana Nguyen also known as Trang K. Nguyen, again asserting that service was made by leaving the papers with the unidentified Vietnamese woman at the Ringwood Court address on March 9, and by mailing the documents to Dana Nguyen also known as Trang K. Nguyen at that address on March 10.  Pro2 Solutions submitted the same due diligence declarations with the proof of service for Ms. Nguyen as it had for AB Dental Med Supply, Inc.

On April 26, 2011, the court clerk entered defaults against AB Dental. On October 27, 2011, through counsel, AB Dental attempted to file a general denial to the complaint. The clerk rejected the filing because default had been entered on April 26.

On January 13, 2012, Pro2 Solutions requested a court judgment against all defendants, including AB Dental.[1] On February 9, 2012, the court entered default judgment against all defendants, jointly and severally, for compensatory and punitive damages, interest, attorney fees and costs, in the amount of $123,012.

After writs of execution were issued, on April 4, 2012, AB Dental moved to quash service of summons and to set aside the defaults and default judgments. The defendants argued that service on both of them was not made at a proper location or on a proper agent as required by Code of Civil Procedure section 415.20, subdivisions (a) and (b).[2] According to AB Dental, Ringwood Court was not the company's business address, and it had never been provided to the Secretary of State as an address of record. Pro2 Solutions opposed the motion, arguing that Ringwood Court was the address on file with the Secretary of State at the time service was effected. Both parties submitted declarations supporting their positions. The court heard AB Dental's motion on May 10, 2012. The hearing transcript, if one exists, is not part of the record on appeal.

On May 11, 2012, the court issued an order titled "Order Re: Motion to Quash and to Set Aside Default and Default Judgment," whereby it struck the motion to quash as untimely, but granted the concurrent motion to set aside default. Soon thereafter, counsel for AB Dental contacted the Santa Clara County Sheriff's Office to arrange for the release of AB Dental's levied accounts and the return of levied funds. Counsel was instructed to provide a written request from Pro2 Solutions' counsel or an order from the court. Counsel then contacted Pro2 Solutions' attorney, who refused to assist with the

---

[1] The clerk entered a global default at that time, which was duplicative for AB Dental.

[2] All statutory references are to the Code of Civil Procedure.

Sheriff's request. This refusal prompted AB Dental to file an ex parte application for an order setting aside writs of execution and returning levied funds.

Counsel for the parties discussed the ex parte application by telephone on May 16, 2012. Two days later, counsel for Pro2 Solutions e-mailed counsel for AB Dental, asking "Are you still planning to make ex parte next Monday morning on May 21?" On May 21, after a hearing which counsel for Pro2 Solutions did not attend, the court granted AB Dental's ex parte application. The order granting the ex parte application clarified that the entry of default and default judgments against AB Dental were "void as a result of Plaintiffs' improper service of summons, and are hereby set aside." The order further set aside the outstanding writs of execution and accompanying levies, directed that all levied funds be returned, and granted $1,000 in costs to Pro2 Solutions' counsel pursuant to Code of Civil Procedure section 473, subdivision (c)(1)(A).

Pro2 Solutions timely appealed from both orders.[3]

## II. STANDARD OF REVIEW

Both the May 11 and the May 21 orders are orders made after a judgment and thus are appealable under Code of Civil Procedure section 904.1, subdivision (a)(2). The trial court set aside the default and default judgments as void for improper service of summons under section 473, subdivision (d). We review de novo a trial court's determination that a judgment is void under section 473, subdivision (d). (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495-496.) However, to the extent the ruling

_____

[3] Pro2 Solutions identified only the May 11 order in its notice of appeal. Pro2 Solutions also filed a notice designating the record on appeal, indicating that they were appealing both the May 11 and the May 21 orders. We construe Pro2 Solutions' record designation, referencing the notice of appeal and served on AB Dental's counsel, as sufficient notice of Pro2 Solutions' intent to appeal from the May 21 order under California Rules of Court, rule 8.100 (a)(2). (See *Department of Industrial Relations v. Neilsen Construction Co.* (1996) 51 Cal.App.4th 1016, 1024 [construing request for transcripts, identifying a judgment and referencing a notice of appeal served on opposing counsel but not filed, as a sufficient notice of appeal from the judgment].)

is driven by the resolution of disputed facts, as in the instant case, we will uphold the judgment as long as it is supported by substantial evidence.  (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1250, quoting *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449.)

We review the remaining issues for an abuse of discretion.  (*San Francisco Unified School District ex. rel. Contreras v. First Student, Inc.* (2013) 213 Cal.App. 4th 1212, 1228 [trial court's inherent powers]; *Salawy v. Ocean Towers Housing Corp.*(2004) 121 Cal.App.4th 664, 669 [attorney fees].)

## III.  DISCUSSION

### A.    The Trial Court Did Not Err in Setting Aside the Default and Default Judgment

AB Dental sought relief from default and default judgment under two provisions of the Code of Civil Procedure, section 418.10 and section 473, subdivision (d).  Section 418.10 provides the mechanism for a defendant to move to quash service of summons for lack of jurisdiction.[4]  Because the clerk entered default against AB Dental before the filing of its motion to quash, the trial court denied section 418.10 relief as untimely, but addressed the merits of AB Dental's claim under section 473, subdivision (d).[5]  Yet Pro2 Solutions insists the trial court abused its discretion by granting relief from the entry of default and default judgment under section 473, subdivision (d), because the time to seek relief under section 418.10 had expired.  This argument lacks merit.  AB Dental's motion for relief under section 473, subdivision (d), was proper, regardless of the propriety or

---

[4] Section 418.10, subdivision (a), provides:  "A defendant, on or before the last day of his or her time to plead or within any further time that the court may for good cause allow, may serve and file a notice of motion . . .  [¶](1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her."

[5] Section 473, subdivision (d), provides:  "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or order as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

fate of the alternative motion for relief under section 418.10. (*Strathvale Holdings v. E.B.H.*, *supra*, 126 Cal.App.4th at p. 1249 [concluding factual challenge to default judgment for lack of personal jurisdiction properly brought under section 473, subd. (d)]; *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544 ["Under section 473, subdivision (d), the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service."]; *Brown v. Williams* (2000) 78 Cal.App.4th 182, 186 fn. 4 [explaining that section 473, subd. (d), allows a court to set aside a judgment because the summons and complaint were not properly served].)

Pro2 Solutions further argues that the trial court abused its discretion by granting relief under section 473, subdivision (d), because AB Dental failed to identify any mistakes or clerical errors in the default judgment. This argument is baseless because AB Dental did not move for relief under the clerical mistake provision of subdivision (d). The record is clear that AB Dental moved for relief under subdivision (d)'s provision pertaining to void judgments or orders. In its memorandum of points and authorities in support of its motion, AB Dental sought relief under both section 418.10 and section 473, subdivision (d), based on improper service of process, not based on a clerical mistake. In its reply memorandum, AB Dental further asserted that Pro2 Solutions did not effect service of the summons and complaint, rendering the default and default judgment void for lack of personal jurisdiction under section 473, subdivision (d). Thus, we find no error in granting AB Dental relief under section 473, subdivision (d), without regard to any clerical mistake.

## B.     The Trial Court Did Not Err in Voiding the Default and Default Judgment Due to Improper Service of Process

Pro2 Solutions argues that it effected proper service on AB Dental under section 415.20, which provides for substitute service by: (1) leaving the summons and complaint at an office or home of the person being served; (2) mailing the summons and complaint to the person being served at the place where the summons and complaint were left; and

(3) if the person is an individual, by showing a diligent effort at personal service prior to effectuating the substitute service. According to Pro2 Solutions, it effected service on AB Dental by leaving the summons and complaint with a person in charge at the address on record with the California Secretary of State--the Ringwood Court address.

In support of Pro2 Solutions' position, the record contains a declaration from Danning Jiang, explaining that he checked the Secretary of State's Web site several times between December 2010 and March 2011, during which time AB Dental's address was listed as Ringwood Court, with Trang K. Nguyen as the agent for service of process. Mr. Jiang supported his declaration with a printout from the Secretary of State's Web site showing Ringwood Court as AB Dental's address as of December 3, 2010.[6]

AB Dental counters by arguing that it presented evidence to the trial court establishing that Ringwood Court was never AB Dental's place of business, and that Trang Nguyen was never personally served with the summons and complaint. The record includes the declaration of Camtrang Hoang Phan, a certified public account and president of Shasta Accountancy Company. Ms. Phan declared that she prepared AB Dental's articles of incorporation.[7] She also prepared and filed a January 6, 2011, statement of information for AB Dental with the Secretary of State. Ms. Phan stated that AB Dental had never conducted business at the Ringwood Court address, nor had she ever been an agent for service of process for AB Dental. She further explained that she

_____

[6] Pro2 Solutions argues for the first time on appeal that Ms. Nguyen was personally served on February 20 at the Ringwood Court address. However, not only did Pro2 Solutions fail to advance this argument to the trial court, they represented in a due diligence affidavit that Ms. Nguyen in fact was not served on February 20th. We decline to consider this new argument on appeal. (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 789, quoting *Ernst v. Searle* (1933) 218 Cal. 233, 240–241 [" 'A party is not permitted to change his position and adopt a new and different theory on appeal.' "].)

[7] While Ms. Phan stated that she prepared October 2011 articles of incorporation, the articles themselves, attached to her declaration as Exhibit B, show that they were filed in October 2010.

was contacted by a process server at the Ringwood Court address on February 20, 2011. She told him she was not Dana Nguyen and refused to accept any papers on Ms. Nguyen's behalf. The articles of incorporation attached to Ms. Phan's declaration did not list a business address for AB Dental, only the address for the company's agent for service of process, Trang K. Nguyen, on Hawkstone Way in San Jose. The January 6, 2011, statement of information, also attached to Ms. Phan's declaration, showed the principal business and mailing address for AB Dental on Mead Avenue in San Jose.

Trang Nguyen declared that she was never personally served with the summons and complaint, she never authorized anyone at the Ringwood Court address to accept service on her behalf, and she never received personal mailings at that address. She also stated that she was never known by the alias Dana Nguyen, and that she was made aware of this case sometime in March, 2012.

We acknowledge the conflicting evidence in this case regarding AB Dental's business address as of March, 2011.[8] We also recognize the inconsistency between Trang Nguyen's declaration, in which she states she first learned of this lawsuit in March, 2012, and the general denial AB Dental attempted to file in October 2011. But our role is not to reweigh the evidence or assess credibility on appeal. Rather, under the substantial evidence standard of review, we view all factual matters in a light most favorable to the prevailing party and we resolve all conflicts and indulge all reasonable inferences from the evidence to support the judgment. (*Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1053 [superseded by statute on other grounds].) Here, there is substantial evidence to support the trial court's determination that service of process was not effected under

---

[8] For example, Mr. Jaing declared under oath that he checked the Secretary of State's Web site for AB Dental's address of record "a few times" from December 2010 to March 2011 and it did not change from the Ringwood Court address. But evidence also shows that on January 12, 2011, the Secretary of State received a statement of information for AB Dental, with the company's principal place of business on Mead Avenue.

section 415.20.  The record contains substantial evidence that AB Dental's address of record with the Secretary of State in March 2011 was on Mead Avenue, not Ringwood Court, and that, other than using Shasta Accountancy to handle its Secretary of State filings, AB Dental did not have an association with the Ringwood Court address.

We recognize that at some point AB Dental learned of the lawsuit.  This is apparent from the attempt to file a general denial on October 27, 2011.  However, this knowledge does not render the attempted service of process on the Ringwood Court address proper.  (*Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 415 [rejecting rationale effectuating service of process totally outside the statutory prescriptions if such service somehow resulted in actual notice to the defendant].)  Accordingly, the trial court did not err by concluding that service of process was improper, rendering the default and default judgment void under section 473, subdivision (d).

**C.     The Trial Court Did Not Err in Denying Attorney Fees to Pro2 Solutions**

Pro2 Solutions argues that AB Dental's relief from default should be conditioned on AB Dental paying Pro2 Solutions' attorney fees and costs incurred in obtaining the default and default judgment.  Pro2 Solutions' attorney fee request to the trial court was grounded in section 473, subdivision (b), which directs the trial court to award reasonable compensatory legal fees and costs when granting relief under section 473, subdivision (b), based on an attorney's affidavit of fault.  On appeal, Pro2 Solutions also points to section 473.5, subdivision (c), which allows a trial court to set aside a default or a default judgment "on whatever terms as may be just . . . ."  Neither section 473, subdivision (b), nor section 473.5, subdivision (c), supports an award of attorney fees under section 473, subdivision (d).  Thus, the trial court did not abuse its discretion in denying attorney fees and costs to Pro2 Solutions.[9]

_____

[9] Pro2 Solutions further argues to this court that the interest of justice warrants a fee award here, and that, at minimum, AB Dental's relief from default should be

**D.    The Trial Court Did Not Err by Setting Aside Writs of Execution and Returning Levied Funds**

Lastly, Pro2 Solutions claims that the trial court erred in granting AB Dental's ex parte application for an order setting aside writs of execution and returning levied funds because Pro2 Solutions was given improper notice of the application.  Pro2 Solutions argues that the May 21 order granting the ex parte application affected its rights because it set aside the default and default judgment.  Observing the general rule that "notice of motion must be given whenever the order sought may affect the rights of an adverse party" (*McDonald v. Severy* (1936) 6 Cal.2d 629, 631), Pro2 Solutions asserts that the relief sought ex parte by AB Dental should have been sought by a noticed motion.  AB Dental counters that the May 11 order set aside the default and default judgment, and the May 21 order merely directed matters that flowed from a vacated judgment as a matter of law, and thus the May 21 order did not adversely affect Pro2 Solutions' rights.

We agree with AB Dental.  Even though the default judgment was not expressly set aside in the body of the May 11 order, the record clearly demonstrates that the trial court intended to vacate the default judgment at the same time it vacated the entry of default.  Section 473, subdivision (d), provides for the trial court to set aside void *judgments*.  Consistent with section 473, subdivision (d), AB Dental's motion requested that the default judgment be set aside, and the title of the May 11 order--Order Re: Motion to Quash and to Set Aside Default and Default Judgment--shows the court's intention to address not only the entry of default, but also the default judgment.  Thus, we deem the May 11 order an implicit vacation of the default judgment.  (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1443 [deeming trial court to have implicitly vacated default judgment in dismissal of action].)  The trial court's order of

conditioned on providing security.  We decline to entertain these arguments in the first instance on appeal.  (*Schmidlin v. City of Palo Alto*, *supra*, 157 Cal.App.4th at p. 789.)

May 21 that the entry of default and default judgment be set aside was merely confirming the court's earlier ruling.

As the May 21 order did not set aside the default judgment in the first instance, Pro2 Solutions' rights were not affected by that order. (*Levy v. Drew* (1935) 4 Cal.2d 456, 459 [" 'A judgment, when vacated, cannot be effective for any purpose.' "].) The trial court did not abuse its discretion by hearing the ex parte application on shortened time, nor in issuing the ex parte order.

## IV. DISPOSITION

The May 11 and May 21 orders are affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Márquez, J.