Filed 6/15/15  Swersky v. Seymour CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| JEFFREY SWERSKY,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESSICA SEYMOUR,<br><br>    Defendant and Appellant. | D065553<br><br><br><br>(Super. Ct. No. DV038006) |

APPEAL from an order of the Superior Court of San Diego County, Susan D. Huguenor, Judge.  Affirmed.

Jessica Seymour, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jessica Seymour appeals from a restraining order (Order) issued after a hearing in a domestic violence prevention case initiated by Jeffrey Swersky.  Because Seymour has not met her burden of establishing reversible error, we will affirm the Order.

## INTRODUCTION

In the trial court, Swerksy represented himself, and in this appeal he has not filed an appearance.[1] In the trial court, Seymour did not make an appearance until after the Order was entered against her, and in this appeal she is representing herself. Seymour's brief is difficult to follow and fails to comply with the basic procedural requirements in the California Rules of Court, most particularly rule 8.204(a) and (b). Rather than return or strike the brief, however, we exercise our discretion to disregard the noncompliance and to reach the merits of Seymour's appeal. (*Id.*, rule 8.204(e).) In part, we base this decision on our ability to determine what happened in the trial court from our review of the clerk's transcript.

We understand Seymour's argument to be that the Order is void for lack of personal jurisdiction, because she was not served with process advising her of either the facts and claim that Swersky alleged against her or the date and time of the hearing on Swersky's request for a domestic violence restraining order.

## BACKGROUND

On October 1, 2013, Swersky filed a request for a domestic violence restraining order against Seymour (Request). In part, Swersky alleged under penalty of perjury:

---

[1] Swersky's failure to file a respondent's brief does not mandate a reversal. Even where the respondent fails to file a brief, the appellant "still has the burden of demonstrating error." (*Kriegler v. Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 226-227.) We will decide the appeal on the record and the opening brief and will reverse "only if prejudicial error is found." (*Petrosyan v. Prince Corp.* (2013) 223 Cal.App.4th 587, 593, fn. 2; Cal. Rules of Court, rule 8.220(a)(2).)

Seymour was his former girlfriend; after the relationship was over, Seymour posted false allegations about him on her blog; Seymour previously harassed others by posting false allegations against them on her blog; he feared similar harassment; and by her posts, Seymour put his personal and business reputation in jeopardy. For remedies, Swersky requested personal conduct orders, a stay-away order, the right to record communications that violate any orders issued, and attorney fees and costs. The court denied a temporary restraining order and set the matter for hearing later in October.

In order to effect service of the Request and the notice of hearing, Swersky requested and received two continuances of the hearing to November 25, 2013. A proof of personal service in the court's file reflects that, on November 12, 2013, Seymour was served with copies of the Request and the notice. In her appellate brief and a post-Order declaration we describe in greater detail *post*, Seymour denies having been served.

The matter proceeded to trial on November 25, 2013. Swersky was sworn and testified; Seymour was not present. At the conclusion of the hearing, the court granted Swersky most of the relief he requested, issuing a five-year restraining order against Seymour (i.e., the Order), which included: (1) personal conduct orders, a stay-away order, and a right to record communications that violate any orders issued; and (2) specific directions that Seymour "not stalk [Swersky] online"; "not [] make statements regarding [Swersky] on her blogs"; and "remove any references [to Swersky] previously

3

done."  Although the Sheriff's deputy was unable to serve Seymour with the Order,[2] a registered process server filed a detailed declaration setting forth the actions he took on January 6, 2014, to serve Seymour with a copy of the Order.  In her appellate brief and a post-Order declaration described *post*, Seymour denies having been served with the Order.

A week later, on January 14, 2014, Seymour filed two one-page documents.  One is entitled, "Declaration," and the second is entitled, "Notice of Request:  Vacate of void 'Order'; Special circumstances including Civil Rights violation issues related to the 'order.' "  Although Seymour tells us this filing is a motion to vacate the Order, the record on appeal does not contain a formal motion or any indication that the court acted on Seymour's "Notice of Request."

One month later, on February 13, 2014, Seymour timely noticed an appeal from the Order.[3]  (Cal. Rules of Court, rule 8.104(a)(1).)[4]

DISCUSSION

An order is void as a matter of law if it is issued in violation of a party's due process rights to notice and an opportunity to be heard.  (See *Brown v. Williams* (2000)

[2]    The deputy's declaration of diligence indicates that he attempted to serve Seymour with the Order on four occasions between November 25 and December 16, 2013.

[3]    The record indicates the first notice of entry of the Order was effected by the registered process server on January 6, 2014.

[4]    Having previously been declared a vexatious litigant, Seymour properly requested and received the presiding justice's permission to proceed with the appeal.  (Code Civ. Proc., § 391.7, subd. (b).)

4

78 Cal.App.4th 182, 186, fn. 4; *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239 [judgment void on its face if rendered when the court lacked personal jurisdiction].)  We understand Seymour's argument to be just that — namely, the Order is void, since it was issued without notice to her and an opportunity for her to be heard.  Because "[p]roper service is a requirement for a court's exercise of personal jurisdiction[, . . . a]n order entered without personal jurisdiction over the defendant is void."  (*Caldwell v. Coppola* (1990) 219 Cal.App.3d 859, 863, citation omitted.)  Such an order is considered " 'beyond a court's jurisdiction in the fundamental sense' "; and, accordingly, any claim of error related to the order " 'may be raised for the first time on appeal.' "[5]  (*People v. Lara* (2010) 48 Cal.4th 216, 225.)

One very important limitation, however, is that documents not before the trial court at the time of the judgment or order on appeal cannot be considered in the appeal.  (*Doers*, *supra*, 23 Cal.3d at p. 184, fn. 1.)  As this rule affects the present appeal, in our review of the *November 25, 2013* Order, we may not consider Seymour's "Declaration" or "Notice of Request" filed *January 14, 2014*.

" 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate

---

[5]     In contrast, all of the other issues and arguments in Seymour's brief raise considerations that must be presented first to the trial court in order to preserve them for review on appeal.  By failing to have done so, she has forfeited the right to have them reviewed in this appeal. (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184, fn. 1 (*Doers*) [appellate court ordinarily does not consider " 'procedural defects or erroneous rulings' " that have not been raised in the trial court].)

practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

In the present case, we do not have to determine the correctness of the Order based on a presumption as to service of process, because the record is not silent. It contains a proof of personal service, signed under penalty of perjury, indicating that, on November 12, 2013 — 13 days prior to the hearing on Swersky's Request — a nonparty, Rafael Velázquez, served Seymour with copies of the Request and the notice and order setting the matter for hearing. The filing of a proof of service that complies with the applicable statutory requirements "creates a rebuttable presumption that the service was proper." (*Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795.) We have no reason to question whether the proof of personal service here complies with the statutory requirements, because Swersky used and fully filled out the approved Judicial Council form, DV-200; and Seymour does not argue otherwise. As of the date of the hearing, therefore, the *only* indication in the record is that Seymour was properly served with copies of the Request and the notice and order setting the matter for hearing.

Accordingly, on the record before us, Seymour has not met her burden of establishing that the Order is void and, thus, subject to reversal.

6

DISPOSITION

The Order is affirmed.

IRION, J.

WE CONCUR:

BENKE, Acting P. J.

McINTYRE, J.