Filed 4/6/16  S.C. v. B.L. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| S.C., | D068562 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. ED94188) |
| B.L., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Selena Dong Epley, Judge.  Affirmed.

Gretel Smith, for Plaintiff and Respondent.

B.L., in pro. per., for Defendant and Appellant.

B.L. (Mother) appeals from an order denying a restraining order against S.C. (Father), the father of her minor child (Child).  Mother argues the court erred by:  (1) proceeding with a hearing on the restraining order in her absence despite her request for a continuance; (2) failing to consider a protective order from Arkansas, in violation of the

Uniform Interstate Family Support Act; and (3) failing to consider evidence of child abuse and a prior restraining order against Father.  We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Mother provided a limited appellate record, designating only the minutes from three hearings and the findings and order from one.  She did not include the petition for restraining order from which this appeal arises or any of the hearing transcripts.  However, this court previously issued an unpublished opinion on a petition for writ of mandate arising out of the same underlying case.  (*S.C. v. Superior Court of San Diego County* (May 27, 2015, D067906).)  We derive our factual summary from the submitted record and the previous unpublished opinion.

Child was born to Mother and Father in 2009.  Mother and Father dispute the details of their relationship but it appears Mother, Father and Child lived together for a number of years after Child's birth.  The relationship between Mother and Father ended in 2014 and, shortly thereafter, Father filed a petition to establish paternity, requesting sole legal and physical custody of Child.  Upon Father's filing of the petition, an automatic restraining order took effect, preventing either parent from removing Child from California.

Mother opposed Father's petition, claiming Father had no parental rights, and requested the court award her sole legal and physical custody of Child.  While the petition for paternity was pending, Mother and Father stipulated to Mother having temporary sole legal custody and primary physical custody with weekly visitation by Father.

2

In February 2015, Mother received an offer of employment in Arkansas and requested a move-away order allowing her to move Child to Arkansas. It appears that Mother then moved Child to Arkansas before the court decided the move-away request, and in violation of the previously issued automatic restraining order. Despite the violation, the court granted Mother's move-away request on April 1, 2015, but because Mother had moved Child away prematurely, granted Father 30 days of parenting time to run from April 1 to May 1, 2015.

Father filed a petition for writ of mandate and a request for an immediate stay of the April 1, 2015, move-away order. This Court granted the stay and notified Mother it was considering issuing a writ in the first instance. On May 15, 2015, before this court issued its opinion on Father's writ petition, the trial court conducted a hearing that Father attended in person and Mother attended via telephone from Arkansas. It appears Child was still in Arkansas, as the court ordered Mother to return to California with Child. A judge from Arkansas was also present via telephone and indicated (1) California had subject matter jurisdiction, (2) Arkansas declined to assume jurisdiction, and (3) Arkansas would dismiss its case. The trial court confirmed California had "exclusive and continuing jurisdiction." Shortly thereafter, on May 27, 2015, this court issued a writ of mandate directing the trial court to vacate its April 1, 2015 order granting Mother's move-away request.

At some point before June 1, 2015—the record does not indicate the exact date—Mother filed a request for a domestic violence restraining order in California. At a custody hearing on June 1, 2015, with both Mother and Father present, the court

3

confirmed a hearing on the restraining order set for June 8, 2015. The court also ordered Mother to provide Father with an address where Child was staying and issued a temporary emergency order awarding Mother and Father joint legal custody and Father primary physical custody of Child pending trial on the issue of paternity.

Father appeared at the June 8, 2015 hearing but Mother did not. The court dismissed and denied Mother's request for a domestic violence restraining order noting the moving party was not present, gave Father full legal custody and primary physical custody of Child pending the trial on paternity set for August 2015, and ordered Mother to return Child to San Diego. The court's minutes from June 8, 2015, also contain a note stating "TRO previously denied."

Mother appeals.

## DISCUSSION

### I. *Appellate Principles*

On appeal, we presume the lower court's ruling is correct and, where the record is silent, indulge all presumptions and inferences to support that ruling. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) We affirm the judgment if any possible grounds exist for the trial court to have reached its factual conclusions. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

As the party seeking reversal, the appellant has the burden to provide an adequate record to overcome the presumption of correctness and show prejudicial error. (See *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 (*Aguilar*).) In doing so, the appellant must provide supporting citations to the factual record and must support

4

each point by argument and citation of authority where available. (See Cal. Rules of Court, rule 8.204(a)(1)(B), (C); *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239.) In the absence of a reporter's transcript, we cannot evaluate issues requiring a factual analysis and must presume "the trial court acted duly and regularly and received substantial evidence to support its findings." (*Stevens v. Stevens* (1954) 129 Cal.App.2d 19, 20 (*Stevens*); see *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657.)

Although Mother is not represented by an attorney in this appeal, she is held to the same standards as an attorney. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

II. *Legal Principles Governing the Restraining Order*

The Domestic Violence Prevention Act (DVPA), Family Code[1] section 6200 et seq., permits the trial court to issue an ex parte protective order enjoining a person from, among other things, threatening, contacting or coming within a specified distance of another. (§ 6320.) Whether the court grants or denies a request for an ex parte order under section 6320, the court is required to hold a noticed hearing within 25 days of the date of the order. (§§ 240, 242, 6320.5, subd. (b).) Subdivision (a) of the former section 243, effective in June 2015, required "[w]hen the matter first comes up for hearing, the

---

[1]     Unless otherwise noted, all further statutory references are to the Family Code.

petitioner must be ready to proceed."[2] (§§ 240, 242, subd. (a), former § 243, subd. (a) (amended by Stats. 2015, ch. 411, § 5, p. 3719).) Former section 243, subdivision (b) required service of a copy of the petition, the temporary order, if any, and the notice of hearing on respondent at least five days before the hearing and, under subdivision (c) of that section, if the petitioner failed to comply with subdivision (a) or (b), the court was to dissolve the order. (*Id.*, subds. (b) & (c).) An order granting or denying a restraining order is void if the court issues the order in violation of a party's due process rights to notice and an opportunity to be heard. (See *Brown v. Williams* (2000) 78 Cal.App.4th 182, 186, fn. 4.)

The trial court has broad discretion in determining whether to grant a domestic violence restraining order. (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420; *Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505.) We review the trial court's ruling for abuse of that broad discretion, which occurs only if the court's ruling exceeds the bounds of reason, fails to apply correct legal standards, or is without substantial support in the evidence. (*S.M. v. E.P.* (2010) 184 Cal.App.4th 1249, 1265; *Gonzalez, supra*, at p. 420.)

### III. *Analysis*

Mother argues that the court erred in proceeding with the hearing on her request for a restraining order without providing her adequate notice. However, Mother and Father were both present at a hearing on June 1, 2015, at which the court confirmed the

---

[2]    Sections 243 and 245 were amended in 2015, with the changes taking effect on January 1, 2016. (Stats. 2015, ch. 411, § 5, p. 3719.)

6

June 8, 2015 hearing on the restraining order. Despite the court's confirmation of the hearing date with both parties, Mother failed to appear at the June 8 hearing to present her case and, in her absence, the Court properly denied and dismissed the restraining order request. (See § 6320.5, subd. (b), former § 243, subds. (a), (b) & (c) (amended by Stats. 2015, ch. 411, § 5, p. 3719).)

Mother contends she did not appear on June 8, 2015, because the court did not notify her that it had denied her request for a continuance, which she alleges she filed because she had not served Father with the petition at least five days before the hearing. However, there is no evidence of a request for continuance in the record and, as the record does not support Mother's assertion, we must resolve this ambiguity in favor of the judgment. (*Aguilar, supra*, 21 Cal.4th at p. 132.) Further, Mother's failure to serve Father is of no moment because Father was on notice of the request and the June 8 hearing, and was present on June 8, 2015, ready to proceed. Even if Mother had requested a continuance as she asserts, absent notice the court had granted the continuance—which she does not allege she received—she should have appeared at the previously confirmed hearing. Mother had adequate notice of the hearing and an opportunity to be heard. The court did not violate her due process rights by proceeding with the hearing and denying her request for a restraining order in her absence.

Mother also contends Arkansas issued a protective order protecting her and Child and argues the court did not take the validity of the Arkansas protective order into consideration, thereby violating the Uniform Interstate Family Support Act (UIFSA) (Fam. Code, § 5700.101 et seq., previously Fam. Code, § 4900 et seq.). Mother does

7

not provide any authority or specify what portion of the UIFSA she contends the court violated and, more fundamentally, there is no evidence in the record indicating Arkansas issued such a protective order. Instead, the record indicates the court in Arkansas declined to assume jurisdiction, dismissed the case in that state, and indicated California had subject matter jurisdiction, which the court in California confirmed. Further, if the court was aware of a previously issued protective order from Arkansas, we must presume the court acted duly and considered it when denying Mother's request for a restraining order. (See *Stevens, supra*, 129 Cal.App.2d at p. 20.) For these reasons, Mother has not established the court erred by failing to consider the validity of a protective order from Arkansas. (See *Aguilar, supra*, 21 Cal.4th at p. 132.)

Mother also asserts the court was aware of a previous restraining order protecting her from Father, photos she submitted, and investigation reports from DHS and CPS concerning Child, but denied her an opportunity to present these items for review. However, the record does not include any of these items, without a transcript, there is no record of whether the court considered any of them. Again, we must view the record before us and presume the court acted duly. (See *Stevens, supra*, 129 Cal.App.2d at p. 20.) Here the record suggests it was Mother's own failure to appear, rather than any error by the court, that prevented her from presenting her case.

Finally, to the extent Mother intended to dispute the custody arrangement set forth in the June 8, 2015 order, that portion of the order is not properly before this court on appeal. Mother does not specifically raise any arguments or provide any authority regarding that portion of the order, as required on appeal. (See Cal. Rules of Court, rule

8.204(a)(1)(B).)  In any event, the portion of the order regarding custody was temporary—a further hearing on the custody arrangement being set for August 2015—and not subject to appeal.  (See *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1090 [explaining a temporary custody order is interlocutory by definition and not appealable].)

DISPOSITION

The order is affirmed.  Respondent is awarded his costs on appeal.

_____
HALLER, J.

WE CONCUR:

_____
BENKE, Acting P. J.

_____
IRION, J.

9